NICHOLS, *Appellant*, v. NICHOLS *et al.*

Division One, May 5, 1896.

1. **Husband and Wife:** ALIENATION OF HUSBAND'S AFFECTIONS:
   PARTY: STATUTE. A wife may, under Revised Statutes, 1889,
   sections 1996 and 6869, sue in her own name for the alienation of her
   husband's affections.

2. ———— : ———— : PLEADING. A petition charging that defendants
   wrongfully enticed, influenced, and induced plaintiff's husband to
   abandon her and to live separate and apart from her, thereby de-
   priving, and intending to deprive her, of his affection, comfort, soci-
   ety, and support, states a good cause of action.

3. ———— : ———— : ————. Such petition is not objectionable on
   the ground that it merely states legal conclusions.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRAT-
TON, Judge.

REVERSED AND REMANDED.

*H. C. Timmonds* and *Cole & Burnett* for appellant.

(1) Under the laws of this state, the plaintiff,
though a married woman, could maintain her action

against the defendants. R. S. 1889, secs. 1996, 6864, 6869; *Clow v. Chapman*, 125 Mo. 103; *Bains v. Bullock*, 129 Mo. 117; *Arnold v. Willis*, 128 Mo. 145. (2) Well considered cases in the courts of different states affirm the right of a married woman to maintain an action against third persons for enticing her husband away and depriving her of his aid, comfort, and society. We cite some of them: *Bennett v. Bennett*, 116 N. Y. 584; *Warren v. Warren*, 89 Mich. 123; *Foote v. Card*, 58 Conn. 1; *Westlake v. Westlake*, 34 Ohio St. 621; *Seaver v. Adams*, 19 Atl. Rep. (N. H.) 776; *Postlewait v. Postlewait*, 1 Indiana App. 473; *Bassett v. Bassett*, 20 Ill. App. 544; *Haines v. Nowlin*, 29 N. E. Rep. (Ind.) 389; *Brieman v. Baasch*, 7 Abb. (N. C.) 249; *Baker v. Baker*, 16 Abb. (N. C.) 293; *Holmes v. Holmes*, 32 N. E. Rep. (Ind.) 933; *Clow v. Chapman* (Mo.), *supra*. (3) The petition stated a cause of action; it was not necessary to state the facts or circumstances by which the ultimate facts relied upon are to be proved. *Mitchell v. Clinton*, 99 Mo. 158; *See v. Cox*, 16 Mo. 166; *McNeas v. Railroad*, 22 Mo. App. 233; *Lessing v. Sulzbacker*, 35 Mo. 446; *Gates v. Watson*, 54 Mo. 590; *Railway v. Kennedy*, 41 Mo. 272.

*Tucker & Moore* and *Thurman & Wray* for respondents.

(1) A married woman has no right of action under the laws of Missouri, for the loss of the consortium of the husband. *First.* There are but two ways by which this right in a married woman could exist in the state of Missouri. (*a*) By virtue of the common law of England and acts of parliament prior to the fourth year of the reign of James the First. (*b*) By virtue of some statute of the state creating such right. *Second.* A married woman could not maintain an action at

the common law for the loss of the consortium of the husband, because no such right existed, and we understand that to be the holding in *Clow v. Chapman,* and the opinion is abundantly sustained by the following authorities:   3 Shars. Bl. Com., star pages 142, 143; *Lynch v. Knight,* 9 H. L. Cas. '577; Bouv. Dict., title, Crim. Con.; Cooley on Torts, 227; Schouler, Hus. and Wife, sec. 65; Addison on Torts, sec. 2; 9 Encyclopedia of Law, 834, n. 8, 9; *Van Arnum v. Ayers,* 67 Barb. 54; *Duffies v. Duffies,* 45 N. W. Rep. (Wis.) 522; *Doe v. Roe,* 20 Atl. Rep. (Me.) 83; *Westlake v. Westlake,* 54 Ohio St. 62 (dissenting opinion.) *Logan v. Logan,* 77 Ind. 559  *Third.*  It is a well recognized principle of the common law that the "inferior hath no property in the superior," and it must be conceded that at the common law the wife is the inferior.   3 Shars. Bl. Com., star pages 142, 143.  *Fourth.*  The common law was adopted in the state of Missouri, January 19, 1816, and has been in force ever since, and by it gives legislative sanction to the rule at the common law that the "inferior hath no right in the superior"—the servant in the master—the child in the parent—and wife in the husband—unless such right has been created by statute. Sec. 6561, R. S. 1889; *Lindell v. Miller,* 4 Mo. 381; *Miller v. Dunn,* 62 Mo. 216.  *Fifth.*  That a statute in derogation of common law must be strictly construed, is a canon of construction recognized by both "bench and bar."  *State v. Clinton,* 67 Mo. 380.  *Sixth.*  "The term chose in action has two recognized significations: It is sometimes used in a broad sense of all rights of action whether *ex contractu* or *ex delicto.*   Its narrower and more general use is confined to assignable rights of action *ex contractu* and perhaps *ex delicto,* for injuries to property.   In this sense actions *ex delicto* for personal injuries are excluded.   Its narrower sense is generally

accepted by the professsion." *Gibson v. Gibson*, 43 Wis. 32; *People v. Tioga*, 19 Wend. 73; *McKee v. Judd*, 12 N. Y. 622; *Zabriskie v. Smith*, 13 N. Y. 322; *Pulver v. Harris*, 52 N. Y. 73; *Sommer v. Wilt*, 4 S. & R. 19; *North v. Turner*, 9 *Id.* 244; *O'Donnel v. Seybert*, 13 *Id.* 54; *Comegys v. Vasse*, 1 Pet. 193; *Gillette v. Fairchild*, 4 Denio, 82. *Seventh.* A thing in action arising out of tort to person can not be assigned. *Smith v. Kennett*, 18 Mo. 154; *Snyder v. Railway*, 86 Mo. 613. *Eighth.* Again, in order to sustain this right the action being for the loss of consortium, the damages must depend solely on wounded feelings, and it has been expressly held by this court that such damages are not recoverable in this state. *Cornell v. Tel. Co.*, 116 Mo. 34. And this doctrine applies to torts as well as contracts. *Newman v. Tel. Co.*, 54 Mo. App. 442; *John v. Wells Fargo Co.*, 6 Nev. 224; *Trigg v. Railroad*, 74 Mo. 179; *Railroad v. Stables*, 62 Ill. 313; *Jack v. Dankwood*, 85 Ill. 331; *Keyes v. Railroad*, 36 Minn. 290. (2) The right in the plaintiff, if any existed, being based upon a wrong act of defendants who caused the injury complained of, it is necessary to state the facts in the petition by which defendants enticed, persuaded, and induced plaintiff's husband to abandon her, and that such acts of defendants were without her consent and against her will, and the plaintiff having failed to aver in her petition any such facts, it wholly fails to state a cause of action and the demurrer was properly sustained for that reason. *First.* The facts that constitute a cause of action must be stated in the petition; not mere legal conclusions as is the case here. *Biddle v. Boyce*, 13 Mo. 533; *Pier v. Heinrichoffen*, 52 Mo. 333; *Scott v. Robards*, 67 Mo. 289; *Kerr v. Simmons*, 82 Mo. 275; Bliss on Code Pleading, secs. 210 and 211; *Lanitz v. King*, 93 Mo. 519; *Gamage v. Bushnell*, 1 Mo. App. 418.

MACFARLANE, J.—A demurrer to plaintiff's amended petition was sustained and from the judgment thereon in favor of defendants she appealed. The petition was as follows:

"For amended petition herein, plaintiff complains and alleges that on the eleventh day of February, 1892, she was lawfully married to and became the wife of George Nichols. That from the date of said marriage till the —— day of March, 1893, she and her said husband, George Nichols, continued to live together as husband and wife. That during all that time plaintiff faithfully demeaned herself and discharged all her duties as the wife of said George Nichols; and she and her husband lived happily together and enjoyed the aid, support, companionship, society, and affection of each other.

"That the defendants, well knowing that plaintiff and George Nichols were husband and wife, and that they were living happily together, enjoying the aid, support, companionship, society, and affection of each other, wrongfully, wickedly, and maliciously acted and cooperated together, with the wrongful, wicked, and malicious intent to cause plaintiff's said husband to leave and abandon her, and to cease living with plaintiff as her husband, and to deprive plaintiff of the aid, support, companionship, society, protection, and affection of her said husband; and on the —— day of March, 1893, the defendants, pursuant to their said wicked, wrongful, and malicious intent, did wrongfully, wickedly, and maliciously entice, influence, and induce plaintiff's said husband to leave and abandon her; and her said husband, being influenced by and acting under the said wrongful, wicked, and malicious enticement, influence, and inducement of defendants, did then leave and abandon her, and being influenced

by and acting under said wrongful, wicked, and malicious enticement, influence, and inducement, has ever since remained away from and separate and apart from her. And ever since said abandonment, the defendants have wrongfully, wickedly, and maliciously detained and harbored plaintiff's said husband, and have kept him separate and apart from her; and have by their said wrongful, wicked, and malicious acts and conduct deprived plaintiff, and still do deprive her, of the aid, support, companionship, society, protection, and affection of her said husband.

"Wherefore, plaintiff says she is damaged in the sum of ten thousand dollars ($10,000), for which sum and for costs she prays judgment."

Each defendant filed a separate demurrer, assigning as grounds thereof the following:

"1.    Because the petition on its face fails to state any cause of action against this defendant.

"2.    Because the petition fails to state or set out in detail the facts which it is claimed caused George Nichols, husband of plaintiff, to separate from her, and live separate and apart from her, plaintiff.

"3.    Because there is a defect of parties plaintiff in this, that if any cause of action is stated, George Nichols is a necessary party plaintiff."

The demurrers were sustained, and plaintiff declining to plead further, final judgment was rendered for defendants.

I.    The right of a wife to maintain an action for damages against a third person for alienating the affections of her husband and thereby depriving her of his comfort and society has been affirmed by this court since this judgment was rendered. *Clow v. Chapman,* 125 Mo. 103.

The opinion of Judge BLACK in that case carefully considers all the grounds upon which counsel now

rely for sustaining the judgment of the circuit court. Notwithstanding that decision, counsel insist that the enabling statute confers upon the wife no new right, but only gives a remedy for the violation of rights that existed at common law.

But at common law the wife certainly had the right to the affection, comfort, and society of her husband. The wrong in depriving her of these rights existed and was just as grievous to be borne before as since the statute. At common law she had no remedy for the wrongs for the reason that her existence was, technically speaking, merged in that of the husband. The enabling statutes have abolished the fictitious entity of the two, and the wife in her own right is now entitled to damages growing out of "any violation of her personal rights" (sec. 6869) and may sue alone in her own name "with the same force and effect" as if she were unmarried. Section 1996. No new conjugal right is conferred upon the wife by the statute, but she is allowed to seek redress in the courts for the violation of rights which have always been recognized in civilized society.

The demurrer should not have been sustained for either the first or third cause assigned.

II. Was the demurrer properly sustained upon the second ground stated? Does the petition state facts sufficient to constitute a cause of action?

The substantial charge in the petition is that defendants wrongfully enticed, influenced, and induced plaintiff's husband to abandon her and to live separate and apart from her thereby depriving, and intending to deprive, her of his affection, comfort, society, and support. Defendants insist that this is but a statement of a conclusion of law, that the acts done and words spoken should have been stated.

The code requires the facts which constitute the cause of action to be stated. A statement of mere legal conclusions is not sufficient, and, on the other hand, a detailed statement of the evidence is not required. Difficulty is sometimes experienced in drawing the line between a statement of fact and a conclusion of law, and between a statement of the ultimate fact and a statement of the evidence by which such fact is to be established.

It may be stated generally that the ultimate, constitutive, and issuable facts must be stated. Issuable facts are defined to be "those upon which a material issue may be taken." Evidential or probative facts, which should not be stated, are those upon which a material issue can not be taken and from which the issuable facts may be inferred. Bliss on Code Pleading [3 Ed.], sec. 206.

Pomeroy says: "The material facts which constitute the ground of relief, * * * should be averred as they actually existed or took place, and not the legal effect or aspect of those facts, and not the mere evidence or probative matter by which their existence is established." Pom., Rem. Rights [2 Ed.], sec. 517.

Again the same author says: "The allegations must be of those principal, determinate, constitutive facts, upon the existence of which, as stated, the entire cause of action rests, so that, when denied, the issue thus formed with each would involve the whole remedial right." Section 526.

The ultimate fact which is constitutive of the cause of action in this case is that of wrongfully inducing the husband of plaintiff to abandon her. The methods adopted to accomplish that purpose are mere matters of evidence from which the ultimate fact is proved or may be inferred. Various methods may have been adopted to accomplish the purpose and a

denial of them, if stated, would not form a single issue involving the whole remedial right. They would be probative, and not constitutive, facts. In the opinion of the jury an inference that defendants wrongfully induced plaintiff's husband to leave her might not be drawn from one or more acts proved, but might readily be drawn from them all taken in the aggregate. No issue could, therefore, be made upon each act and statement of defendants that would conclude the right of plaintiff to recover.

Wrongfully inducing plaintiff's husband to abandon her is a conclusion of fact depending upon the proof of acts, declarations, and conduct of defendants. It is not a conclusion of law, but a fact from which a legal conclusion is to be drawn. That legal conclusion was questioned in the first ground of the demurrer. Judgment reversed and cause remanded. All concur.