STATE OF MISSOURI at the relation of WILLIAM A. STALLMAN, Appellant, v. T. S. BOURKE, W. T. ELAM, E. T. McGAUGH, FRED W. BAILEY, E. S. SMITH, P. S. BOHAN and W. L. BRANDON, as THE BOARD OF HEALTH OF MISSOURI.—136 S. W. (2d) 326.

Division One, January 23, 1940.

*Thomas P. Moore* for appellant.

*Roy McKittrick*, Attorney General, and *Russell C. Stone*, Assistant Attorney General, for respondents.

GANTT, J.—Mandamus in the circuit court to compel the State Board of Health to hear evidence on the question of whether the St. Louis College of Physicians & Surgeons was a reputable medical college during the school terms covering the period from the autumn of 1924 to the spring of 1927. Judgment for respondents and relator appealed.

On November 8, 1923, a committee appointed by the State Board of Health to inspect said school reported that it made the inspection and found that the school was not a reputable medical college. The board adopted the report as its ruling on the question and thereafter refused to recognize said school as a reputable medical college.

On June 16, 1925, the Attorney General filed in this court an information in the nature of *quo warranto* thereby seeking a forfeiture of the charter of the St. Louis College of Physicians & Surgeons. On November 2, 1925, the commissioner of this court reported his finding of facts and conclusions of law and recommended that a judgment of forfeiture and ouster be entered. The report of the commissioner was adopted and judgment accordingly entered on May 23, 1927. [State ex inf. Otto v. St. Louis College of Physicians & Surgeons, 317 Mo. 49, 295 S. W. 537.]

Relator graduated from the Mt. Olive High School at Mt. Olive, Ill., an accredited high school. Thereafter he completed the first and second premedical years of study at the St. Louis University and completed the freshman year as a medical student of said university. In October, 1924, he entered the medical school of the St. Louis College of Physicians & Surgeons as a sophomore on credits from the St. Louis University. He continued as a medical student in the St.

Louis College of Physicians & Surgeons, and, on June 1, 1927, received a diploma of graduation from said college. From August 1, 1927, to July 31, 1929, he was "house physician at the Evangelical Deaconess Hospital of St. Louis."

In due time before the meeting of the board in July, 1936, relator made application in writing for an examination as to his qualifications to practice medicine and surgery in this State. He submitted evidence of his preliminary qualifications, as required by Section 9113, Revised Statutes 1929. All of the evidence was satisfactory to the board except the evidence of his attendance as a student at the St. Louis College of Physicians & Surgeons. The board contended that said school was not a reputable medical college and for that reason refused to permit him to take the examination. Relator contended that the board should hear evidence tending to show that after the finding of the board that said school was not a reputable medical college, material changes were made in the faculty, course of study, equipment and finances of the school, which made it a reputable medical college. He further contended that it was such a college during the three years that he attended the school. The board refused to hear evidence on the question. In this situation relator had a remedy, which follows:

"The question as to whether any medical school is one entitled to recognition, by the state board of medical examiners, as a medical school of good standing and the action of said medical examiners in refusing a license to any applicant is hereby declared to be a question of fact and any person aggrieved by reason of the action of the board, shall have the right to have such question reviewed by suing out a writ of certiorari in the circuit court and such question shall be tried *de novo* by the court issuing such writ, and the court of review shall render such judgment as should have been rendered in the first instance." [Sec. 9114, R. S. 1929.]

Thus it appears that relator had an adequate statutory remedy. The judgment quashing the alternative writ and denying the peremptory writ should be affirmed. It is so ordered. All concur.