TALBERT W. HUGHES v. STATE BOARD OF HEALTH, FRED W. BAILEY, E. SANBORN SMITH, W. S. BRANDON, T. S. BOURKE and H. F. PARKER, composing the STATE BOARD OF HEALTH, Appellants.— 137 S. W. (2d) 523.

Division One, March 6, 1940.

996

*Roy McKittrick,* Attorney General, and *Russell C. Stone,* Assistant Attorney General, for appellants.

*Frank Coffman* for respondent.

997

HAYS, J.—This suit was instituted in the Circuit Court of St. Louis County on March 4, 1937, by the plaintiff, a licensed physician practicing in St. Louis. The defendants are the State Board of Health and its component members. The suit is founded on a situation we outline thus: on February 13, a complaint against plaintiff was filed with the board's secretary, who, on February 16, notified the plaintiff thereof and cited him to appear before the board on March 10, to answer and defend against said complaint. Regularity in the filing and the giving of notice of the complaint is not questioned. Instead of complying with such notice and citation this plaintiff sought, by the present suit, to enjoin the board from further proceeding on said claim, which at the close urged the revocation of plaintiff's license.

To plaintiff's petition the defendants filed demurrer, which the court overruled. Defendants refused to plead further, suffered judgment of perpetual injunction and, in due course, appealed. The demurrer rested upon the specified grounds: (1) that the petition showed want of facts sufficient to entitle plaintiff to any relief in equity or at law; (2) that the circuit court had no original jurisdiction in the premises; and (3) that under the laws of this State, particularly Section 9120, Revised Statutes 1929, the board of health is given exclusive initial jurisdiction to determine in the proceedings pending before that body whether plaintiff's license shall be revoked.

Said complaint is set out in the petition word for word. In substance it is as follows: that Talbert W. Hughes has been and "is guilty of unprofessional conduct and dishonorable conduct, and is

a person of bad moral character," in this to-wit:—(1) he was convicted of using the mails to defraud; (2) he published and circulated an advertizement relative to disease of sexual organs, at Atlanta and around the country; (3) that by reason of the matters stated in (1) and (2) his license to practice medicine was revoked by the Board of Medical Examiners of the State of Georgia; (4) he permitted and instructed one Steinmeyer, his bookkeeper, to give medical treatment to patients at plaintiff's office, under his direction and instruction.

The petition alleges relative to number (1) that plaintiff received presidential pardon for said conviction and hence same furnished no basis for a charge of bad moral character. Relative to number (2), the petition alleges that same constitutes no ground for revocation of plaintiff's license in Missouri; also that same is *res judicata*, by reason of the judgment of the Jackson County Circuit Court quashing, on certiorari, the record of the then Missouri Board of Health, wherein his license was revoked; and that the revocation so quashed was also founded upon and included the matter contained in number (3) supra. The petition alleges that it is obvious from number (4) that the alleged acts of Steinmeyer were not the practicing of medicine, and alleges that the board is cognizant of the matters above specified, yet they threaten, without authority of law and oppressively, to conduct the scheduled hearing, to plaintiff's irreparable damage, and that hence he has no adequate remedy at law unless the defendants be restrained by injunction, which the prayer invoked.

■ Respondent asserts the well established rule that all matters well pleaded in the petition are admitted by demurrer, of which rule we regard the term *well* as being the touchstone. Holding that view and having further reasons, we cannot agree with the conclusion proposed by respondent, that the demurrer was properly overruled and he was entitled to judgment as prayed.

■ Not much need be said of the challenges attempted in the petition. They have one quality in common: they allege that not one of the specified charges contained facts sufficient to constitute a charge upon which plaintiff's license might lawfully be revoked—manifestly a conclusion of law. Next, allegations of matter in defense, actual or supposed, are made. Other allegations are made in the form of conclusions, or characterizations, supported by no factual basis laid in the petition, touching defendants' conduct in receiving and proceeding with the complaint filed against the plaintiff, which, as so challenged, is that the board acted in bad faith, unlawfully and oppressively in the premises. The demurrer does not accept conclusions of law as true. [State ex rel. Ashauer v. Hostetter, 344 Mo. 665, 127 S. W. (2d) 697.] It admits only ultimate, constitutive facts and not evidential or merely probative facts. [Nichols v. Nichols, 134 Mo. l. c. 194, 35 S. W. 577.] It neither admits the truth of the

conclusion of the pleader (Stephens v. Liverymen & Und. Assn., 295 Mo. 596, 246 S. W. 40), nor admits as a fact that which the petition contradicts (Farm & Home Sav. & Loan Assn. v. Armstrong, 337 Mo. 349, 85 S. W. (2d) 461). Thus it is seen the petition discloses that the conclusions referred to above and those drawn by the pleader, with respect to the actuating motives of the defendants, are in violation of the governing rules just referred to, are inconsequential and unacceptable.

■ So the result is that no case for respondent is pleaded on the facts considered above. But we emphatically state that we have not ruled and do not intend to rule upon the adequacy or inadequacy of the complaint left pending before the board, since our decisions have ruled that question to be within the province of the board as an agency or tribunal of first instance in that regard. It is the questioned action of the circuit court we are concerned with and not the issues of the proceeding that gave rise to this case. ■ Irrespective of the infirmities of the petition, as noted, this case has no basis on which to lie in equity, or at common law (State ex rel. v. Shot, 304 Mo. 523, 263 S. W. 804), since the respondent had a complete and adequate remedy at statutory law, as will appear. Nevertheless, we will consider with some particularity the general availability, or the contrary, of injunction against proceedings before the board of health. In part the authorities cited by respondent in this connection are the injunction statute (Sec. 1519, R. S. 1929), and the cases, Turner v. Stewart, 78 Mo. 480, Nokol Co. v. Becker et al., 318 Mo. 292, 300 S. W. 1108, 1116, and Hanson v. Neal, 215 Mo. 256, 279, 114 S. W. 1073. It will suffice to say of those citations that the statute authorizes injunction in the various classes of cases therein stated, but that the cited cases were ruled upon facts and situations that have no resemblance to those at bar.

The respondent chiefly relies on Horton v. Clark, 316 Mo. 770, 293 S. W. 362. In that case injunction was brought in the circuit court, as here, to prevent the board of health from trying a licentiate on a complaint pending before that body. The complaint there contained two charges. The circuit court having granted temporary restraining order, on final hearing dissolved same and entered judgment dismissing the bill in its entirety, and on appeal this court affirmed. The grounds alleged for injunction were two: (1) the complaint is insufficient to confer jurisdiction; and (2) the unconstitutionality of the statute (now Sec. 9120, R. S. 1929), and the board's consequent violation of licentiate's rights under the due process clauses of the state and federal constitutions. In the complaint in question there, the first charge was that Horton misrepresented his general educational qualifications and also his premedical qualifications. In the course of the court's decision it was pointed out that, ''The charges in the complaint, in so far as they relate to

matters touching appellant's premedical education, afford no warrant for the contemplated hearing before the . . . board.'' It plainly appears that the constitutional issue alone, as framed in the circuit court and in no wise aided by the other element injected into that case, clothed that court with a right to take jurisdiction of the case and decide it. Yet the respondent in effect says that, in the holding just above quoted, the court inferentially held that injunction would have lain as against both charges had the second been as ''nebulous'' as the first one. It seems sufficient to answer that the logical implication is directly to the contrary of that. This court fully realized that its jurisdiction to rule charge (2) did not extend to and include jurisdiction to rule charge (1) by injunction. The latter charge, then, still lay in the domain of the board. The question is asked, Why did the decision make the quoted observation? It would seem that it served no other end than merely to denote that the matter of amending the complaint in a pending proceeding before the board is a process which, within reasonable discretion and just limitation, rests with the board. This court confirmed and extended that meaning on a second appeal in the same case. [State ex rel. Horton v. Clark, 320 Mo. 1190, 9 S. W. (2d) 635.] Further, respondent's said inference is negated by the circumstance that our court did not there, as it might have done, affirm the judgment as to charge (2) and reverse and remand as to charge (1) with direction to issue injunction upon it.

We are cited to no authority, and have found none, which purports to authorize injunction in a case like this, where the inferior tribunal has jurisdiction of the subject matter, and the object of the bill is to restrain alleged irregularities in the charge and in the tribunal's procedure at the inceptive stage. The generally accepted doctrine is, ''. . . that courts of equity do not interfere by injunction for the purpose of controlling the acts of public officers constituting inferior tribunals—such as supervisors, commissioners of highways, and the like—on matters properly pertaining to their jurisdiction; nor will they review and correct errors in the proceedings of such officers, the proper remedy, if any, being at law by writ of certiorari. . . .'' [2 High on Injunctions (4 Ed.), sec. 1311.] Our court has, in recent cases, applied this established doctrine relative to administrative or ministerial agencies. They recognize that such agencies are, by legislative enactments, invested with a part of the State's police power and with some degree of discretion in the performance of their official functions in the exercise of such power. For example: in Selecman v. Matthews, 321 Mo. 1047, 15 S. W. (2d) 788, interested taxpayers brought injunction against the State Highway Commission to preclude that agency from changing the location of a primary road along a newly selected route. This court affirmed the decree of the circuit court denying injunction. Our decisions was

predicated upon substantially the doctrine stated in the textual quotation next supra, and our decision there (l. c. 1051) further observed: "The doctrine, therefore, is as applicable to the writ of injunction as it is to the writ of mandamus." (Citing cases.) In State ex rel. Schneider v. Bourke, 338 Mo. 86, 89 S. W. (2d) 31, mandamus was granted by the circuit court, requiring the board of health to issue a license to practice medicine in lieu of a former license revoked. On appeal this court reversed the judgment on the ground that mandamus would not lie, since the statute affords remedy by certiorari, sufficiently broad in its scope and effect. [Citing State ex rel. Lentine v. State Board of Health, 334 Mo. 220, 65 S. W. (2d) 943.] This court has, at the present term, in State ex rel. Stallman v. Bourke et al., 345 Mo. 837, 136 S. W. (2d) 326, held that mandamus would not lie, since an adequate statutory remedy is provided.

The foregoing considerations seem to dispose of practically all the essential points on demurrer. Yet, further but brief discussion will follow in bringing this opinion to a close. The respondent insists that the Lentine case lends his position support in that it holds a licentiate would have to be charged with either the specific acts mentioned in the statute or some acts which in themselves, by common opinion and fair judgment, would be deemed "bad moral character or unprofessional and dishonorable conduct." The quoted phrase constitutes what we may term the *permissive* statutory grounds as distinguished from the subsequently specified *absolute* grounds for revocation of license. The Lentine case does so hold. From that the respondent concludes, as we understand, that the board would not have authority to try a licentiate on any charges which could not be so deemed to be within the meaning of the quoted statutory phrase. Obviously, the conclusion is a converse corollary to the import of said phrase. The respondent in his brief concedes that if the board were acting lawfully, he has no case for injunction. We hold that the board were functioning lawfully within the statute and within their exclusive jurisdiction when restrained by injunction, improperly granted in this suit.

The judgment of the lower court is reversed, and that court is directed to sustain appellants' demurrers, to dissolve its preliminary restraining order and dismiss the cause. All concur.