**David FELDMAN, (Plaintiff) Appellant,**

v.

**CITY OF ST. LOUIS, a Municipal Corporation, (Defendant) Respondent.**

**No. 30479.**

St. Louis Court of Appeals.

Missouri.

Sept. 20, 1960.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 20, 1960.

William B. Ewald, Forrest Boecker, St. Louis, for appellant.

Thomas J. Neenan, City Counselor, James J. Gallagher, Asst. City Counselor, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action by David Feldman whereby he seeks to have the court rescind and cancel his resignation from a position of Captain in the Fire and Fire Prevention Division of the Department of Public Safety of the City of St. Louis. He seeks to have the court direct his reinstatement in the position of Captain. The trial court found for the city, and the plaintiff has appealed.

The plaintiff became a fire fighter in the St. Louis Fire Department in 1945 and served in that capacity until 1953. He resigned at that time to engage in running his own machine shop, which he still owned at the time of the trial. He rejoined the Fire Department in 1954, and in February of 1957 he was appointed Probationary Captain.

On March 21, 1957 he was indicted by a Grand Jury of the United States District Court for the Eastern District of Missouri. The indictment charged him with having paid $240 to an agent of the McDonnell Aircraft Corporation in 1953 to obtain a subcontract on Government work. This charged an alleged criminal violation of an act called the Anti-Kickback Law, Title 41, U.S.C.A. § 51.

Two days after the indictment was returned James Sauerwein, then Acting Fire Chief, wrote to David Feldman as follows:

"Dear Captain Feldman:

"You shall present yourself at the Fire Chief's Office, March 29th, 1957 at 9:30 A. M.

"As you are aware, the eleven hundred odd members of the Fire Department are looked upon by the citizens as persons of the highest integrity. We cannot afford to permit any blemish of any kind to blotch the enviable record of these brave men in the department over the many years passed as well as those presently in the Department.

"A charge has been placed against you, which, if publicized, could be misconstrued by the community and the public that the department is condoning illicit or improper business practices of its members. In order to be fair, because the charge has been made and under the American system of government you have the opportunity to prove that you are innocent and at the same time disprove these charges, I believe that the opportunity should be presented to you as stated before but that in fairness to both you and the department that possibly it would be best if you take a leave of absence without pay until final disposition of this case has been made."

In response to the letter Feldman appeared before the Acting Chief and was asked to explain the charges brought by indictment against him. He testified that he told the Chief that he was innocent and that he was confident he would be found not guilty. Chief Sauerwein then suggested that Feldman take a leave of absence for six months, and stated that if he was cleared within that time he could return as Fire Captain. Pursuant to this suggestion Feldman asked for and was granted a six months' leave of absence.

Near the end of the six months' leave, the indictment was still pending so he went back to the Chief's office and talked to Chief Hugh F. Lyon, who had relieved Acting Chief Sauerwein. Chief Lyon granted Feldman an additional six months' leave of absence. This extended the leave to April 9, 1958. According to Feldman the indictment had not been dismissed by April of 1958, so he went again on April 5 to the office of the Chief. He said that he was told by the Chief that he could not get another extension of his leave. He also said that the Chief told him that he could not take him back and suggested that he resign. He said that the Chief assured him that he could be reinstated as a Captain if the indictment was later dismissed.

On April 8, Feldman again went to the Chief's office with his lawyer, and the lawyer testified that the Chief told him that Feldman could resign and request reinstatement if the charges against him were dropped. He said that the Chief stated that Feldman would be reinstated as a Captain. Feldman then signed a resignation. He knew that a year's leave of absence was the maximum leave that he could have, and he testified, " * * * my attorney and I agreed that if I didn't resign I would be automatically dismissed or fired, that was the only thing to do, and as long as I could come back as a captain I would have lost nothing except several years' seniority in the pension system".

On June 18, 1958, the indictment against Feldman was dismissed. On July 8 he applied for reemployment as a Fire Captain. The application was on the regular form prepared by the Department of Personnel of the City of St. Louis. On July 14 he was informed by letter that he was not eligible to be placed on the reemployment list as Fire Captain because he had never acquired a permanent civil service status in that position. The letter went on to state that he had not completed the necessary six months' working test period in the position of Probationary Fire Captain, and that consequently the only right for reemployment that he had was in the position of fire fighter.

After receipt of this letter he wrote to R. Elliott Scearce, Director of Personnel, on August 1, and requested that he be reinstated as a Fire Captain. Scearce replied by letter on August 6, stating that as Director of Personnel he had no authority to appoint any one as Fire Captain. On August 12, Feldman appealed to the Civil Service Commission of the city and was informed by them that appeals from the Department of Personnel had to be taken within ten days of the action of which the appellant complained.

The action of which Feldman complained was the rejection of his application on July 14. Feldman testified that he was familiar with the Civil Service Rules and had in fact appealed to the Civil Service Board on one occasion during his service as a fire fighter.

Chief Lyon testified that he had authority to fire and hire, but he was required to hire from the list of eligibles sent to him by the Personnel Board. He said that he had no recollection of telling Feldman that he could return to his position as a Captain, but that he did tell him he could come back into the department.

Ordinance No. 48658, Section 23, of the City of St. Louis provides: "An appointing authority, with the approval of the Director of Personnel, may grant an employee leave of absence without pay for a period not to exceed twelve months." It further provides: "Failure of an employee to report for duty promptly at the expiration of the leave of absence shall be just cause for dismissal."

Article XVIII of the City Charter relating to civil service rules, provides in Section 9(i) that the Department of Personnel shall pass upon leaves of absence and other transactions affecting the status of employees. Rule IX, Section 5(b) of the civil service rules provides that upon receipt of a resignation, the Director of Personnel shall investigate to determine that the resignation was submitted in good faith by the employee.

Director Scearce testified that he had investigated the resignation, and that since it came at the conclusion of a maximum period of leave, it was approved. He also stated that under Rule I, Section (z), no employee attains permanent status until he has completed a working test period, and that Feldman had not completed that period. He testified that Feldman's only permanent status was that of fire fighter, as he had been advised when he applied for reemployment.

As stated, the court found for the city upon the foregoing evidence, and the ap-

pellant claims that the court erred in holding that he had not exhausted his legal remedy. He asserts that he had no legal remedy. He had a legal remedy when he was called before Acting Chief Sauerwein to explain the indictment. He had a right to a hearing then. In Sauerwein's letter he was informed that he had a right to disprove the charges against him, but he chose to take a leave of absence.

Feldman stated that he resigned at the termination of a year's leave because he relied upon the Chief's statement that he could come back as a Captain. If we take his testimony as true, he was confronted with the choice of resigning or being discharged. He knew that one or the other of these was going to happen. He chose to resign, but if he had not, he would have been discharged for the Chief admittedly had the right to do this. His status would have been exactly the same in either case.

■ If he had a right to be reinstated as a Probationary Captain, the right to discharge him would still be in the Fire Chief and the cause for his discharge would still be present, for he had been on leave for over a year. Equity will not do a useless act or order something done that leaves the party seeking relief in the same position that he was before. Lortz v. Rose, 346 Mo. 1212, 145 S.W.2d 385.

■ There is another rule that bears mentioning here, and that is, that equity does not interfere by injunction for the purpose of controlling the acts of public officers constituting inferior tribunals, on matters properly within their jurisdiction. Hughes v. State Board of Health, 345 Mo. 995, 137 S.W.2d 523; State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S.W.2d 292.

■ If any right existed, Feldman was obliged to assert it before the Civil Service Commission. Article XVIII, Section 7(d), provides that the Civil Service Commission has the power to consider any matter involved in the administration and enforcement of the Article. The appellant failed to properly present his claim to the Commission. The doctrine that one must exhaust his administrative remedies before resorting to the courts is a firmly established rule in this state, which we discussed quite fully in State ex rel. Scott v. Scearce, Mo. App., 303 S.W.2d 175.

■ The respondent filed a motion to dismiss this appeal because of the failure of appellant's brief to meet the requirements set out by Supreme Court Rule 83.05, V.A.M.R. The motion to dismiss is overruled since the appellant's brief was amended to correct the errors complained of by leave of court.

The trial court properly dismissed the plaintiff's petition, and its judgment is affirmed.

RUDDY, J., and JAMES D. CLEMENS, Special Judge, concur.