STATE OF MISSOURI at the relation of the STATE HIGHWAY COMMISSION, GEORGE F. OLENDORF, ARTHUR T. NELSON, H. G. SIMPSON, H. B. PYLE, H. A. BUEHLER, BUSHMAN CONSTRUCTION COMPANY, a Corporation, and the CITY OF ATCHISON, KANSAS, Relators, v. NIKE G. SEVIER, Judge of the Fourteenth Judicial Circuit of Missouri and the Circuit Court of Cole County.—97 S. W. (2d) 427.

Court en Banc, October 19, 1936.

*Ragland, Otto & Potter, Kranitz & Duncan, Louis V. Stigall* and *Wilkie B. Cunnyngham* for relators.

*James T. Blair, Jr.,* and *T. S. Mosby* for respondent.

GANTT, J.—Relators challenge the jurisdiction of respondent judge to issue a temporary injunction in a suit pending in the Circuit Court of Cole County. Preliminary rule in prohibition issued, respondent made return, and relators move for judgment.

The suit is an effort to prevent the construction of a free bridge across the Missouri River. The Atchison & Eastern Bridge Company, Tolbert Henson and James T. Blair, Jr., are the plaintiffs in the case. The bridge company owns a nearby bridge across said river and for that reason is interested. Henson and Blair sue as taxpayers.

In substance the alleged material facts follow: The Missouri Highway Commission, Kansas State Highway Department and Atchison, Kansas, entered into a joint undertaking to construct the bridge with the aid of the Federal government, and to construct certain highways in both states leading to the bridge, which highways the Federal government required as part of the Federal project. Plaintiffs in the injunction suit conclude from certain alleged facts that the city

of Atchison and State of Kansas cannot or may not perform their parts of the undertaking. From this they also conclude that construction by the Missouri Highway Commission of its part of the undertaking would be a waste of public funds. There is no allegation of bad faith, collusion and fraud. Furthermore, there is no allegation that, under the circumstances, it would be a violation of either the statute or Constitution for the commission to construct its part of the bridge at this time.

In due course the Missouri Highway Commission proceeded to perform its part of the undertaking. It accepted the bid of the Bushman Construction Company, defendant in the injunction suit, to construct bridge piers and a highway leading to the bridge, all on the Missouri side of the river. Thereupon respondent judge issued a temporary injunction restraining the commission and company from entering into a contract for said construction.

Plaintiffs in the injunction suit seek the judgment of the circuit court on the question of waste of public funds. Relators herein contend that the question of whether or not the city of Atchison and State of Kansas cannot or may not perform their parts of the construction of the bridge and highways is solely for the determination of the Highway Commission.

It is provided in the Constitution that the money in the State Road Fund shall be ''administered and expended under the direction and supervision'' of the commission for certain highway purposes, including participation in the construction of free interstate bridges, ''and for such other purposes and contingencies relating and appertaining to the construction and maintenance of such highways and bridges as the State Highway Commission may deem proper.'' [Sec. 44a, Art. IV, Const.]

Thus it appears that the commission has absolute discretion with reference to the construction of both intrastate and interstate bridges. In other words, it has sole jurisdiction to determine the question of whether or not the city of Atchison and the State of Kansas cannot or may not perform their parts of the undertaking. Determination of the question by the commission is final. The courts cannot interfere with the ordinary functions of the executive department of the State government. [Selecman v. Matthews, 321 Mo. 1047, 15 S. W. (2d) 788, l. c. 790.]

It follows that the injunction suit is without equity. [State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S. W. 474; State ex rel. Hyde v. Westhues, 316 Mo. 457, l. c. 469, 290 S. W. 443; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, l. c. 564, 41 S. W. (2d) 403.] The provisional rule should be made absolute. It is so ordered. All concur.