STATE OF MISSOURI EX REL. STATE HIGHWAY COMMISSION, RESPONDENT,
v. KANSAS CITY POWER AND LIGHT COMPANY, APPELLANT.—105
S. W. (2d) 1085.

Kansas City Court of Appeals. March 1, 1937.

*Louis V. Stigall* and *Ralph M. Eubanks* for respondent.

*Johnson, Lucas, Landon, Graves & Fane* for appellant.

CAMPBELL, C.—Plaintiff's petition is in three counts. The first count alleged that the parties to this action on September 11, 1923, entered into a contract in writing by the terms of which the plaintiff granted to the defendant, a corporate public utility, the right to install, maintain and operate upon a bridge crossing the Missouri River, at Glasgow, Missouri, power transmission lines, wires or cables, in a manner satisfactory to the plaintiff, for which grant defendant agreed to pay to plaintiff an annual rental in the sum of $500 for a term of fifty years; that defendant used the bridge, which was a part of the state highway, in the manner contemplated in the agreement, paid the rental thereon until April, 1933, at which time it refused to make any further payments. The prayer sought judgment for the rental alleged to be unpaid. The allegations of the second count are the same as the allegations in the first count, save that the terms of the pleaded contract granted to defendant right to place its transmission lines and wires upon a public bridge near Waverly, Missouri. The third count alleged that on September 16, 1929, the Independence-Liberty Bridge Company, a Missouri corporation, and the defendant entered into an agreement by the terms of which the right was given to the defendant to place its power transmission lines upon a bridge crossing the Missouri River, known

as the Independence-Liberty Bridge; that at the time said contract was made the bridge was the property of the Independence-Liberty Bridge Company; that the defendant exercised the right secured to it by the terms of the contract, place upon said bridge its wires and cables and has ever since maintained the same, and that no rental had been paid therefor since November 4, 1932; that on the 5th day of November, 1932, the Independence-Liberty Bridge Company assigned said contract to plaintiff, and prayed judgment for the amount of the rental alleged to be in default.

The defendant's answer, parts of which will hereinafter be quoted, in effect admitted the allegations of the plaintiff's petition and sought to avoid the payment of rental upon the theory that the contracts, as a matter of law, were void for the reason that the commission had no power to exact or receive from it rental for the use of any of the bridges.

The plaintiff filed motion for judgment on the pleadings. The motion was sustained, judgment followed, and the defendant appealed.

We will first determine whether or not the motion for judgment was correctly ruled as to the first and second counts.

The defendant says the contracts of September 11, 1923, were *ultra vires* of the commission and, for that reason, null and void. In presenting this question the defendant assumes that the general doctrine of *ultra vires,* as applied to the contracts of corporations, must be applied in determining the validity of the contracts here involved. The plaintiff is not a corporation. It is a legal entity created and existing in virtue of legislative enactment, now section 8092-8139. And, perforce the laws of its creation, is a subordinate branch of the executive department. [Manley et ux. v. State Highway Commission, 82 S. W. (2d) 619, 620.] Upon a careful search of the books we conclude that a plan of *ultra vires,* strictly speaking, cannot be sustained save when it is made by or against a corporation. However, it does not follow that the plaintiff can enforce a contract which the law says it had no power to make.

The Centennial Road Law, 1921, aside from unimportant amendments, is now Article 12, Chapter 42, Revised Statutes 1929. Section 8094 of the act created the commission, vested it with "all power necessary . . . to carry out fully and effectively all of the purposes" of the article. Section 8104 vested in the commission power of supervision of state highways. Section 8110 provided that the commission shall have power to close temporarily any state highway. Section 8111 granted to the commission power to acquire land by contract or condemnation. Section 8134 provided that state highways shall be under the jurisdiction and control of the state highways commission. These statutes, standing along, evidence an intention on the part of the Legislature to vest in the commission dominion and control of state highways. And were it not for sec-

tion 8109 and the construction thereof by the Supreme Court, we would determine the appeal without further discussion.

In the case of State ex inf. McKittrick, Atty. Gen., v. Southwestern Bell Telephone Co., 92 S. W. (2d) 612, the informant sought to prohibit the respondent, a public utility, from maintaining its poles and wires over and under certain state highways. The court held that section 8109 "expressly denied" right or power in the commission to exclude respondent's lines from state highways.

In the defendant's answer is the following:

"Defendant further alleges that previous to the adoption of the constitutional amendment proving for the establishment of the State Highway Commission, and previous to the legislative enactment by the General Assembly of the State of Missouri (Laws of Missouri, 1921, First Extra Session, pages 131 to 167, both inclusive, of said law), the defendant and its predecessor companies were authorized and empowered under the provisions of Section 7924, Revised Statutes of Missouri, 1929, (the same being Section 10712, Revised Statutes of Missouri 1919), to erect poles for the suspension of electric light or power wires or transmission lines, or lay and maintain pipes, conductors and conduits for any purpose whatever, on, under or across the public roads or highways of any county of the state under such reasonable rules and regulations as might be prescribed and promulgated by the County Highway Engineer of any county of the State, with the approval of the County Court thereof;

"That pursuant to said provisions of said Section 7924, the defendant or its predecessor companies received the approval of the County Court of the Counties of Howard, Saline, Jackson, Clay, Lafayette, Carroll, and other counties within the State of Missouri, and of the County Highway Engineers thereof, all of which such consents and approvals were so granted to the defendant or its predecessor companies prior to the adoption of the constitutional amendment and prior to the legislative enactment creating the said State Highway Commission in 1921; and, pursuant to such authority under such section and by the permission and approval of the County Courts of said counties, and, in accordance with the rules and regulations of the County Highway Engineers thereof, it and its predecessor companies have used the highways of said counties upon which to string its poles and wires to be used in the transmission of electric current for the benefit of the inhabitants of the counties therein, and that by reason of such consents and approvals of said counties and said County Highway Engineers, and by reason of the character of the business in which the defendant and its predecessor companies were engaged, it thereby received a franchise from the State of Missouri for the use of the highways of the State under said Section 7924 upon which to erect and maintain its electrical transmission lines, poles, structures and conduits, and including

bridges across the Missouri River at Glasgow, Missouri—Waverly, Missouri—and what is known as the Independence-Liberty Bridge across the Missouri River.''

These allegations, the truth of which the motion for judgment admitted, are to the effect that prior to the enactment of the state highway law in 1921 the defendant had under the provisions of the statute, now section 7924, Revised Statutes 1929, obtained right to locate and construct transmission lines upon each of the bridges mentioned in the pleadings. The question, therefore, is: Did the act creating the commission invest the commission with power to charge the defendant rental for the exercise of rights obtained by the latter prior to the creation of the former?

Section 8109 is the only section in the act of 1921 specifically relating to the right of a corporation or natural person to locate, construct, and maintain telephone, telegraph, electric light and power transmission lines within a state highway; and the only section which specifically defines or limits the extent of the control or supervision of the commission in regard to the location, construction, and maintenance of such lines. The section in plain words says that the location of lines theretofore constructed or thereafter to be constructed shall be under the control and supervision of the commission ''in so far'' as such location may affect the construction, maintenance, and ordinary use of the highway. The phrase, ''in so far,'' means that the commission has no power save the power of selecting the location and supervising the construction and maintenance of such lines. It follows that the commission had no power to ''grant'' to the defendant as it attempted to do in the contracts, right to place its lines upon the bridges for the reason that defendant had such right prior to the creation of the commission. In the absence of power to make the ''grant,'' there was no power to demand rental. For the reasons stated, the motion for judgment should have been denied as to the first and second counts.

Concerning the third count the defendant does not claim that the contract pleaded in that count was invalid in its inception. The precise claim is that the contract became unenforcible when it was assigned to the plaintiff. When the bridge became a part of a state highway the defendant, according to the allegations of the answer, had right to maintain its lines upon the bridge and the plaintiff had no right to receive rental for the exercise of such right.

It must be borne in mind that the question presented on this appeal is whether or not the answer stated a defense to any or all of the counts in the petition.

There is no general or specific denial in the answer. The defendant does not claim that any count in the petition failed to state facts sufficient to constitute a cause of action. On the contrary the answer proceeded upon the theory that the contracts as pleaded were

valid, and hence the lack of power in the commission to make the contracts of September 11, 1923, and to take title to the contract with the bridge company could not be put in issue save by affirmative allegations of facts in the answer showing want of such power. The answer pleaded "extrinsic matter" which, if true, shows the commission had no power to make the contracts of September 11, 1923, nor power to enforce the contract assigned to it by the bridge company. Hence it was unnecessary for the answer to contain either a general or specific denial. [Carter et al. v. Metropolitan Insurance Company, 204 S. W. 399, 402.]

The judgment is reversed and the cause remanded. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

In motion for rehearing the plaintiff says:

"The construction placed upon sections 7924 and 8109, Revised Statutes Missouri 1929, by the opinion herein creates a conflict in the authority of two separate state agencies delegated to regulate the location and maintenance of public utility wires, poles and other fixtures on the state highway system."

The opinion does not hold either directly or inferentially that there is conflict "in the authority of two separate state agencies." The authority of county courts and highway engineers is by section 7924 limited to public roads which are not a part of the state highway system. The authority of the state highway commission, in so far as the location of the lines of utilities is concerned, is limited by section 8109 to roads which are a part of the state highway system. There is no conflict in the authority of those agencies.

The motion for rehearing is overruled. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The motion for rehearing is overruled. All concur.