STATE OF MISSOURI, AT THE RELATION AND TO THE USE OF ARTHUR H. BADER, EXCISE COMMISSIONER OF THE CITY OF ST. LOUIS, RELATOR, v. WILLIAM B. FLYNN, JUDGE OF THE CIRCUIT COURT OF THE CITY OF ST. LOUIS, RESPONDENT.—159 S. W. (2d) 379.

St. Louis Court of Appeals. Opinion filed March 3, 1942.

*J. R. Weinbrenner* for respondent.

*Joseph F. Holland, George L. Stemmler* and *Charles F. Hamilton* for relator.

ANDERSON, J.—This is an original proceeding in prohibition by which relator, the duly appointed Excise Commissioner of the City of St. Louis, seeks to have this court prohibit respondent, Hon. William B. Flynn, the judge presiding in Division 2 of the Circuit Court of the City of St. Louis at all times herein mentioned, from proceeding with a certain injunction suit pending before him.

Relator, by Section 2(a) of Ordinance 40630 of the City of St. Louis is given the right, duty, power, and authority to revoke for cause all licenses issued pursuant to the provisions of said ordinance, which ordinance relates to the regulation and control of the manufacture, brewing, sale, and distribution of intoxicating liquor in the City of St. Louis.

Section 31(A) of said ordinance provides that whenever it shall be shown, or whenever the Excise Commissioner of the City of St. Louis has knowledge, that a person licensed has not at all times kept an orderly place or house, or has violated any of the provisions of said ordinance, or any rule, regulation, order or direction of the Excise Commissioner, the latter shall revoke, or, in his discretion, suspend the license of such person so licensed.

Section 32 of said ordinance provides that before revoking or suspending any licenses, the Excise Commissioner shall give the licensee at least ten days' written notice of any complaint or charge and the nature thereof, and shall fix the date for the hearing of said

complaint or charge, upon which hearing the licensee shall have the right to have counsel and to produce witnesses in his behalf.

Section 18 of said ordinance provides, in part, that no licensee "shall sell, give away, or otherwise dispose of, or suffer the same to be done, upon or about his premises, any intoxicating liquor in any quantity on the first day of the week, commonly called Sunday."

On August 30, 1941, Mabel Gittens Stubbs filed in the circuit court her petition against relator, which alleged, in substance, that on July 21, 1941, and for a long time prior thereto, plaintiff was engaged in the business of selling liquors at retail at 5867 Manchester Avenue in the City of St. Louis under a license issued by the License Collector and approved by the Excise Commissioner of the City of St. Louis; that on July 21, 1941, a certain citation was issued by relator charging plaintiff with selling and giving away intoxicating liquor on Sunday, July 20, 1941, which citation was returnable August 5, 1941; that thereafter on August 28, 1941, relator purported to hear evidence and pass on questions of law pertaining to said citation "and did, without just cause revoke the license of this plaintiff to sell intoxicants under the license heretofore issued to this plaintiff . . . that the action of defendant in revoking this plaintiff's license was oppressive, and without warrant of law, and that the defendant did abuse the powers imposed in him under and by virtue of the laws of the City of St. Louis and State of Missouri by revoking said license . . . that the evidence as presented at the hearing before this defendant on the 28th day of August, 1941, on which the defendant based his order of revocation of plaintiff's license, was insufficient to show that this plaintiff did sell, give away or otherwise dispose of intoxicating liquors on Sunday, etc."

The petition prayed for a temporary injunction, for a trial of the case on its merits, and for a permanent injunction restraining the defendant from suspending and revoking the plaintiff's license for the causes set forth in the citation, and for general relief.

Thereafter the Court issued an order to show cause why a temporary injunction should not be granted.

On September 11, 1941, relator filed his return thereto, in which relator admitted that he was the duly appointed and acting Excise Commissioner of the City of St. Louis; admitted that on July 21, 1941, and for a long time prior thereto, plaintiff was engaged in the business of selling liquors at retail by the drink at 5867 Manchester Avenue in the City of St. Louis under a license issued by the license collector of said city, which license was approved at the time of its issuance by the then Excise Commissioner; admitted that on July 21, 1941, relator issued the citation charging plaintiff with selling, giving away, or otherwise disposing of intoxicating liquor on Sunday, and that a hearing was held on said citation on August 28, 1941, at which relator heard testimony relative to the charge, and did, at the conclusion of the hearing, revoke the license of plaintiff.

For his further return, relator denied each and every other allegation contained and set forth in said plaintiff's petition; denied that said revocation was without just cause, and denied that such revocation was wrongful, oppressive, and without warrant of law, and stated that these allegations furnished no basis for the interposition of a court of equity; denied that he abused the power vested in him under and by virtue of the laws of the city and State by revoking said license, and further stated that said allegation as contained in plaintiff's petition was a mere conclusion on the part of the pleader, and that no facts were alleged in said petition to support said charges against relator; that said alleged abuse of discretion furnished no basis for the interposition of a court of equity; that plaintiff's petition wholly failed to state any ground for the equitable relief prayed for therein.

Relator prayed to go hence without day and recover his costs.

On the same day, September 11, 1941, a hearing was had on the order to show cause why a temporary injunction should not be issued, which resulted in the granting of a temporary injunction against relator upon the plaintiff's gving bond in the sum of $100, in which injunction relator was restrained from enforcing his order of August 28, 1941, revoking plaintiff's license to sell intoxicating liquors, and further restrained from closing plaintiff's business at 5867 Manchester in the City of St. Louis until the cause should be heard on its merits.

Respondent judge then set the cause for hearing on the merits for October 2, 1941, on which latter date relator filed a general demurrer to plaintiff's petition, which respondent promptly overruled and then passed the cause for hearing on October 16, 1941.

On October 15, 1941, relator filed in this court his application for a writ of prohibition against the respondent, in which application relator alleged, in addition to the facts hereinabove set forth, that notwithstanding the fact that relator, by his return to the order to show cause filed in the lower court, did challenge the respondent's jurisdiction, respondent has assumed and exercised jurisdiction over the persons and subject-matter of said cause and intended to hear said cause on its merits on October 16, 1941; that respondent had no jurisdiction in said cause, or exceeded his jurisdiction, if any he had, in issuing the order to show cause, and in making and entering an order granting the temporary injunction; that the making and entering of said order to show cause and granting said temporary injunction were wholly without warrant of law; and that said orders were, therefore, null and void; that, contrary to law and well-established principles of equitable jurisprudence, respondent was usurping and arrogating to himself and was intending to further usurp and arrogate to himself the power and discretion entrusted by law to relator; that the petition of the plaintiff below was in substance and effect an attempt to have the court substitute its discretion for

the discretion entrusted by law to relator; that said petition failed to set out any ground, or state any cause of action for equitable relief; that respondent was without authority and jurisdiction to hear and try said cause or to proceed further therein; that relator's remedy by appeal was wholly inadequate; that plaintiff's license would expire on November 30, 1941; that should respondent, after hearing said cause on the merits, permanently enjoin the relator, an appeal would be inadequate in that by the time said appeal were to be considered the issues would have become moot by reason of the expiration of plaintiff's license.

Attached to the relator's petition, as exhibits, were copies of the following papers, to-wit: (1) Ordinance 40630; (2) plaintiff's petition; (3) the order to show cause issued by respondent; (4) defendant's return to the order to show cause; (5) the order granting the temporary injunction; and (6) defendant's demurrer to plaintiff's petition.

Upon the foregoing petition, this court issued its preliminary rule in prohibition, to which respondent filed his return, in which he denied he was without jurisdiction or had exceeded his jurisdiction in issuing the order to show cause or in granting the temporary injunction in said cause; denied that he had usurped and arrogated to himself the power and discretion entrusted by law to relator; denied that relator's remedy by appeal was inadequate, and alleged that all questions could be properly determined by way of an appeal from the judgment of the circuit court in said cause.

For further return, the respondent stated that he verily believed that he had jurisdiction over the subject-matter contained in plaintiff's petition, and over the parties, and that it was his duty as judge to hear and determine the cause set out in plaintiff's petition, and that, except as prohibited by order of this court, so soon as the pleadings were made up, it was his purpose and intention to cause the said petition for injunction, together with the other pleadings making up said cause, to be set down in its order according to the rule and practice of the court, for final trial, hearing, and decision. The prayer of the return asked that the peremptory writ of prohibition be denied, and that the preliminary rule theretofore issued be discharged. The exhibits to relator's petition, above mentioned, were incorporated by reference into the return.

Thereafter relator filed a motion for judgment on the pleadings for the following reasons: (1) Respondent's return to the preliminary rule admitted all the allegations of the relator's petition necessary to a final judgment in relator's favor; and (2) The facts, matters, and things set out in respondent's return were insufficient, under the law, to constitute a defense to relator's cause of action.

The sole question before us is whether or not the petition of plaintiff, Mabel Stubbs, states a cause of action in equity which will confer

jurisdiction in the circuit court to hear and determine the cause stated or attempted to be stated. If a cause of action under some recognized head of equity jurisdiction is stated, although imperfectly, our writ of prohibition would not lie. On the other hand, if the petition fails to state a cause of action because the court has no jurisdiction of the subject-matter, then the writ will lie.

In State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S. W. 474, 48 L. R. A. 596, our Supreme Court said:

"Whether the circuit court was without jurisdiction altogether, or having jurisdiction of the class of cases in which the injunction was sought it exceeded its jurisdiction, is only ascertainable in this case by the averments in the bill filed in that court and the orders made thereon. The fact that said court was a court of general equity jurisdiction and has the power to issue or direct writs of injunction to issue, will not of itself answer the contention made in this case. Courts of equity are not invested with power to enjoin in any and every case but there must be some special circumstances bringing the case under some recognized head of equity jurisdiction before it will wield the powerful writ of an injunction. By means of the process of exclusion and inclusion we will be greatly aided in reaching the sufficiency of the petition to state a case belonging to a class in which courts of equity are authorized to grant injunctive relief. [State ex rel. McCaffrey v. Aloe, 152 Mo. 466, 54 S. W. 494, 47 L. R. A. 393.]" [See also State ex rel. Hyde v. Westhues, 316 Mo. 457, 290 S. W. 443; State ex rel. Hog Haven Farms v. Pearcy, 328 Mo. 560, 41 S. W. (2d) 403; State ex rel. State Highway Commission et al. v. Sevier, 339 Mo. 479, 97 S. W. (2d) 427; State ex rel. Warde v. McQuillin, 262 Mo. 256, 1. c. 269, 171 S. W. 72; State ex rel. Bernero et al. v. McQuillin, 246 Mo. 517, 1. c. 532, 152 S. W. 347.]

That part of plaintiff's petition, which it is necessary to examine in order to determine whether it stated a cause of action for relief by injunction, alleged that, "the Defendant Excise Commissioner purported to hear evidence and pass on questions of law pertaining to said citation; and did, without just cause, revoke the license of this plaintiff to sell intoxicants under the license heretofore issued to this plaintiff by the aforesaid License Collector of the City of St. Louis.

.  .  .  .  .  .  .

"Plaintiff further states that the action of defendant in revoking this plaintiff's license was oppressive, and without warrant of law, and that the defendant did abuse the powers imposed in him under and by virtue of the laws of the City of St. Louis and State of Missouri by revoking said license as herein set forth.

"Plaintiff further states that the evidence as presented at the hearing before this defendant on the 28th day of August, 1941, on which the defendant based his order of revocation of plaintiff's

license, was insufficient to show that this plaintiff did sell, give away or otherwise dispose of intoxicating liquors on Sunday on the premises for which said license was issued, to-wit: Number 5867 Manchester Avenue, St. Louis, Missouri."

The foregoing allegations are pure conclusions on the part of the pleader, but it is apparent that what plaintiff was trying to allege was that the commissioner, in attempting to exercise the discretion which the law imposed in him, misconceived the law and the evidence, causing him to render a decision that was not just, but one which was oppressive and without warrant of law.

The petition prayed that the court issue its mandatory injunction ordering the defendant to set aside his ruling suspending the plaintiff's license, "and to hear the cause on its merits, and to permanently enjoin defendant from suspending and revoking the license of plaintiff . . . and for such other and further judgments, decrees and orders as this court may deem meet and proper."

It is clear that plaintiff was attempting to contend that the commissioner decided the case wrong, and that the court below should try the issues on their merits. In other words, plaintiff contended that an equity court can try such cases de novo. Such is not the law. Courts of Equity will not sit in review of proceedings of subordinate tribunals; and, where matters are left to the discretion of such bodies, the exercise of that discretion in good faith is conclusive, and will not, in the absence of fraud, be disturbed. [State ex rel. State Highway Commission et al. v. Sevier, 339 Mo. 479, 97 S. W. (2d) 427; Hughes v. State Board of Health, 345 Mo. 995, 137 S. W. (2d) 523; Selecman v. Matthews, 321 Mo. 1047, 15 S. W. (2d) 788, 63 A. L. R. 512; Cooper v. Hunt, 103 Mo. App. 9, 77 S. W. 483; Kochtitzky v. Herbst, 160 Mo. App. 443, 140 S. W. 925, 32 C. J. 260, sec. 410; 2 High on Injunctions (4 Ed.), sec. 1240; Spelling's "The Law of Injunctions" (2 Ed.), sec. 238.]

The petition contains no allegations of fraud which would warrant a court of equity in taking jurisdiction on that ground. We, therefore, must hold that no cause of action for equitable relief was stated, and that none could, by amendment, be stated that would give the court jurisdiction of the subject-matter as long as plaintiff adhered to the basic theory advanced, namely, that the decision of the commissioner was subject to review for errors of law or fact by a court of equity. Any change of theory, as for instance, by amendment to charge fraud, would be a departure, and would not be permissible, and hence, respondent's contention that prohibition would not lie because the petition, if demurrable, could be amended to state a cause of action, is without merit. Such contention is based upon the false premise that the court had general jurisdiction over the subject-matter or cause of action attempted to be stated in the original petition.

Since plaintiff's petition stated no cause of action against relator,

prohibition will lie if there is no other adequate remedy. The restraint here attempted is upon a public, and not a private right, namely, the right of the public to the unhampered exercise of official discretion on the part of the excise commissioner in the discharge of his duties as such. In such a case, it is obvious that the remedy by appeal is inadequate. [State ex rel. Castlen et al. v. Mulloy, 331 Mo. 776, 55 S. W. (2d) 294.]

Relator's motion for judgment on the pleadings is sustained and our preliminary rule is made absolute. *Hughes, P. J.,* and *McCullen, J.,* concur.