STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri,
Relator,

v.

Honorable Noah WEINSTEIN, Judge of
Equity Division, Circuit Court of St.
Louis County, Missouri, Respondent.

No. 47136.

Supreme Court of Missouri,

En Banc.

March 9, 1959.

Rehearing Denied April 13, 1959.

Robert L. Hyder, Wilkie Cunnyngham, Jefferson City, for relator.

Carter, Bull & Baer, Gerald K. Presberg, Doris J. Banta, St. Louis, for respondent.

HYDE, Judge.

Prohibition to prevent respondent from proceeding in a case entitled St. Louis County Water Company v. State Highway Commission in which the Water Company seeks review in the Circuit Court of St. Louis County, under the provisions of Chapter 536, particularly Secs. 536.100 and 536.110 (statutory references are to RSMo and V.A.M.S.) of an order of the Commission directing relocation of its water mains on state owned highway right of way at its own expense. The question for decision is whether these and other provisions of the Administrative Procedure and Review Act (hereinafter referred to as Chapter 536) apply to this case.

The Commission planned and entered into a contract for the construction of an express highway in St. Louis County, known as the Mark Twain Expressway, which is a part of the National System of Interstate and Defense Highways, and construction thereof is under way. This requires widening of existing pavements and construction of additional pavement, so that certain Water Company pipe lines would be either under new pavement or in the median strip between through-way lanes. The Commission ordered relocation of these pipe lines in accordance with plans prepared by it. Thereafter, at the request of the Water Company, it was given a hearing as to its claims before the Commission, following which the Commission reaffirmed its order for relocation. However, this was not the kind of hearing required by Sec. 536.070 for contested cases. Thereafter, the Water Company filed its petition for review and stay of the order of the Commission, under Sec. 536.110, in the Circuit Court of St. Louis County. A motion to dismiss for want of jurisdiction, filed by the Commission, was overruled and a stay order issued. However, the building of the expressway was continued with the pavement built over the present pipe, the Water Company agreeing that it would prefer to abandon the pipe, rather than dig up and relocate it, because the

expense would be greater than laying new pipe in the specified new location. All proceedings before the Commission, including the statements made and exhibits submitted at the hearing, were made a part of the Commission's petition or respondent's return and reference to other facts shown thereby will be hereinafter made. After respondent's return was filed, the Commission filed a motion for judgment on the pleadings.

If the provisions of Chapter 536 do not apply to this case, the Commission is correct in stating that the venue would be in Cole County. State ex rel. State Highway Commission of Missouri v. Bates, 317 Mo. 696, 296 S.W. 418; Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136; State ex rel. Leggett v. Jensen, Mo.Sup., 318 S.W.2d 353. The Commission says Chapter 536 does not apply because it says its determination and order as to the proper location within the highway right of way for everything therein which could possibly affect the construction, maintenance, efficiency, and safety of the highway—water pipes under the ground, as well as pavements, ditches, median strips, above ground, and their proper interrelationship with each other—were legislative acts, expressly directed and permitted by Const.Mo.1945, Art. IV, Secs. 29–32. The Commission also says provisions of Chapter 536 which attempt to go beyond Sec. 22, Art. V, Constitution (authorizing direct review by the courts of administrative decisions "which are judicial or quasi-judicial and affect private rights"), by authorizing review of legislative decisions, would be unconstitutional as being in violation of Art. II, Const., providing for three distinct departments of government.

The Commission says: "The State Highway Commission is, in a sense, a dual personality. The Constitution itself gives the State Highway Commission all the authority and power of the State to determine the proper location, relocation, design, and maintenance for Interstate Route 70. The Commission's decisions with respect there-

to are not merely made in an attempt to determine and carry out the requirements of the Legislature. They are not administrative determinations. On the contrary, they are to be made according to what the Commission believes to be the needs, desires, public welfare, and expedient thing to do on the principle of policy. These are purely legislative decisions. In addition to these legislative decisions, the Constitution also makes the State Highway Commission the executive agent of the State to administer and carry out such decisions concerning constructing and maintaining the state highways as are directed by the legislative decisions of the same Commission."

However, conceding that the location and plans for highway construction are legislative, policy and discretionary matters not subject to review, the question is whether the Commission is acting in its executive or administrative capacity in ordering the Water Company to relocate its mains because of its views as to their effect on the highway built on the plans adopted. The Water Company had placed its pipes in the highway right of way under the provisions of Sec. 227.240, which is as follows:

"1. The location and removal of all telephone, telegraph and electric light and power transmission lines, poles, wires, and conduits and all pipe lines and tramways, erected or constructed, or hereafter to be erected or constructed by any corporation, association or persons, within the right of way of any state highway, insofar as the public travel and traffic is concerned, and insofar as the same may interfere with the construction or maintenance of any such highway, shall be under the control and supervision of the state highway commission.

"2. The commission or some officer selected by the commission shall serve a written notice upon the person or corporation owning or maintaining any such lines, poles, wires, conduits, pipe lines, or tramways, which notice shall contain a plan or chart indicating the places on the right of way at which such lines, poles, wires, conduits, pipe lines or tramways may be maintained. The notice shall also state the time when the work of hard surfacing said roads is proposed to commence, and shall further state that a hearing shall be had upon the proposed plan of location and matters incidental thereto, giving the place and date of such hearing. Immediately after such hearing the said owner shall be given a notice of the findings and orders of the commission and shall be given a reasonable time thereafter to comply therewith; provided, however, that the effect of any change ordered by the commission shall not be to remove all or any part of such lines, poles, wires, conduits, pipe lines or tramways from the right of way of the highway. The removal of the same shall be made at the cost and expense of the owners thereof unless otherwise provided by said commission, and in the event of the failure of such owners to remove the same at the time so determined they may be removed by the state highway commision, or under its direction, and the cost thereof collected from such owners, and such owners shall not be liable in any way to any person for the placing and maintaining of such lines, poles, wires, conduits, pipe lines and tramways at the places prescribed by the commission.

"3. The commission is authorized in the name of the state of Missouri, to institute and maintain, through the attorney general, such suits and actions as may be necessary to enforce the provisions of this section. Any corporation, association or the officers or agents of such corporations or associations, or any other person who shall erect or maintain any such lines, poles, wires, conduits, pipe lines or tramways, within the right of way of such roads which are hard-surfaced, which are not in accordance with such orders of the commission, shall be deemed guilty of a misdemeanor."

Although the Commission is given authority to designate the location of pipe lines and to require relocation, it has no

right to exclude them from the right of way. State ex rel. State Highway Commission v. Union Electric Co. of Missouri, Mo.App., 142 S.W.2d 1099, 1101. In that case, it was said, the effect of this statute "is to place the matter of the location of the lines and appurtenances of public utilities under the control and supervision of the commission, not, however, for any and all manner of regulation which may perchance seem expedient to the commission, but only in so far as the location of ·such lines and appurtenances may affect the construction, maintenance, and ordinary ·use of the highways"; and that "the only orders which the commission may lawfully enter under Section 8109 [now Sec. 227.240] are those which are designed to prevent interference with traffic on the highways and with highway construction and maintenance." See also State ex rel. State Highway Commission v. Kansas City Power & Light Co., 232 Mo.App. 308, 105 S.W.2d. 1085; and Sec. 393.010.

▆▆ Our view is that the effect of authorizing a particular location is to give the company what amounts to a license to use that location for its pipe line; and that to order a relocation is in effect the revocation or at least modification of that license. This distinguishes this case from Ellis v. State Department of Public Health and Welfare, 365 Mo. 614, 285 S.W.2d 634, in which we held our Administrative Procedure Act·did not apply to gratuities (old age and dependent children assistance); because the Water Company had the right to place its lines on the highway right of way and had in effect a license to occupy a particular location, subject to revocation or modification for certain reasons, a gratuity is not involved herein. See State ex rel. State Highway Commission v. Union Electric Co. of Missouri, supra, 142 S.W. 2d loc. cit. 1102, as to consideration involved. It may be accepted as true that such a license or permission to use a particular location on the right of way is a privilege and not a right, even under the provisions of Sec. 227.240. Nevertheless

our. Administrative Procedure Act covers a "privilege" as well as a "right." Sec. 536.010 provides: "(3) 'Contested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Of course, the duty of the owner to move the pipe line is also involved. Thus it does not seem there can be any doubt that the privilege and duty of a specific party in a specific situation (rather than general policy) must be determined by the Commission and we think the reasonable construction of Sec. 227.240 is that it requires this matter to be determined after hearing. See State ex rel. Police Retirement System of City of St. Louis v. Murphy, ·359 Mo. 854, 224 S.W.2d 68, 71. Sec. 227.240 requires a notice to the owner indicating the places on the right of way where its lines may be maintained (when relocated) and "that a hearing shall be had upon the proposed plan," giving its place and date. It further requires notice of the findings and orders of the Commission to be given to the owner "immediately after such hearing." We also believe that, for the purposes of deciding such a specific individual matter as this, the Commission is an agency, which is defined by Sec. 536.-010(1) as "any administrative officer or body existing under the constitution or by law and authorized by law to make rules or to adjudicate contested cases." See also Howlett v. State Social Security Commission, 347 Mo. 784, 149 S.W.2d 806, 809. Therefore, we consider this to be a case "in which the contest is required by law to be decided in a hearing before an administrative agency" (see State ex rel. Leggett v. Jensen, Mo.Sup., 318 S.W.2d 353, 356); and this makes the provisions of Chapter 536 applicable.

▆▆ It is certainly true that the Commission has authority, legislative in nature, directly from the Constitution "to locate, relocate, design and maintain all state highways; and authority to construct and reconstruct state highways, subject to limitations and conditions imposed by law as to

the manner and means of exercising such authority." Sec. 29, Art. IV. In performing that function, the Commission exercises legislative discretion and finds necessary legislative facts ("facts which do not pertain to a particular party but which bear upon law, policy or discretion", Davis, Administrative Law Treatise, Sec. 7.20) by its own methods, which are not subject to judicial review or control because the location and design of highways are matters of policy which are committed solely to the discretion of the Commission. However, in determining whether and where a *particular* pipe line should be relocated, we think the Commission is not finding legislative facts or deciding general policy but is determining adjudicative facts ("facts pertaining to a particular party," Davis, Sec. 7.20) to decide an issue concerning a *particular* party in a *particular* situation and its duties and privileges, under past and present existing facts, and so is making a quasi-judicial decision within the meaning of Sec. 22, Art. V. Const. We note that the Federal Administrative Procedure Act places "licensing" in the classification of "adjudication." Public Law 404, 79th Congress, Sec. 2(d). 60 Stat. 237, 5 U.S.C.A. 1001; see also Davis, Administrative Law, Secs. 7.18–7.19; Forkosch, Administrative Law, Chap. VII, Licensing, and particularly Sec. 111.) In Hecht v. Monaghan, 307 N.Y. 461, 121 N. E.2d 421, 425, it is said: "Revocation of a license—even where the same rests within the discretion of an administrative official —is not a legislative act." It explained this "administrative act is of a judicial nature since it depends upon the ascertainment of the existence of certain past or present facts upon which a decision is to be made and rights and liabilities determined." (In this case "duties" and "privileges.") This is likewise also undoubtedly true of a modification of a license. Certainly the Commission could not arbitrarily require a pipe line to be moved from a location on one side of a right of way (where it did not interfere in any way with use, construction or maintenance of the highway) to a similar position on the other side of the right of way, because there would be no reasonable basis for such action. Certainly also the owners should also have the right to have the matter of reasonable basis determined if there is a dispute about it; and that is the purpose of the provisions of Chapter 536. See also City of Hannibal v. Missouri & Kansas Telephone Co., 31 Mo.App. 23.

Furthermore, the contention is unsound that no quasi-legislative functions of administrative agencies can be made reviewable by the courts. Our oldest and best example is the rate-making functions of the Public Service Commission, as to which judicial review has always been provided; and the debates in the Constitutional Convention on the adoption of Sec. 22, Art. V, show that it was intended to apply to the Public Service Commission and to quasi-legislative functions of other agencies. Procedure Before, and Review of Decisions of, Missouri Administrative Agencies, Shewmaker, 37 V.A.M.S. pp. 145, 157. In fact, by its very terms Sec. 22, Art. V, includes "rules" which could only be legislative. Sec. 22, Art. V, authorizes direct review, that is review by an appeal which is a continuation of the same case, rather than making it necessary to commence a new action (such as mandamus, certiorari, declaratory judgment or injunction) to get review. However, providing review and methods of review are matters left to the legislature, but scope of review provided for contested cases is mandatory and self-enforcing. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647; State ex rel. Leggett v. Jensen, supra, 318 S.W.2d loc. cit. 357.) As we pointed out in State ex rel. St. Louis Public Service Co. v. Public Service Commission, 365 Mo. 1032, 291 S. W.2d 95, 102, this is a minimum standard and "the legislature had and has the power and authority to provide for any (greater) scope of judicial review it may desire, so long as the provisions made are not in conflict with or repugnant to the federal and state constitutions." On this subject of separation of powers, it is stated in a re-

cent work on Administrative Law: "In the organic arrangements that we have been making in recent decades in the establishment and control of administrative agencies, the principle that has guided us is the principle of check, not the principle of separation of powers. We have had little or no concern for avoiding a mixture of three or more kinds of powers in the same agency; we have had much concern for avoiding or minimizing unchecked power. The very identifying badge of the modern administrative agency has become the combination of judicial power (adjudication) with legislative power (rule making). But we have taken pains to see that the agencies report to and draw their funds from our legislative bodies, that the personnel of the agencies are appointed and reappointed by the executive, and that the residual power of check remains in the judiciary." Sec. 1.09, Administrative Law Treatise, Davis; see also Chapter 28 on Unreviewable Action, Davis, Secs. 28.01–28.21. Our conclusion is that the provisions of Chapter 536 providing procedure for the hearing required by Sec. 227.240 and for judicial review on the record made at such hearing are not in conflict with constitutional requirements.

■ The authorities cited by the Commission do not involve similar situations. Newell v. Franklin, 30 R.I. 258, 74 A. 1009, involved the authority of a commission to decide whether to repair an existing bridge or build a new one and upon determination adopt plans and let contracts. Of course, these were matters for future action on the basis of policy or expediency and not subject to judicial review. Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150, involved railroad rates fixed by a state commission, claimed confiscatory, in which it was held proceedings to establish rates are legislative. The opinion by Justice Holmes contains excellent statements as to what is legislation and what is a judicial inquiry. However, the power of the courts to enjoin confiscatory rates was recognized and

as we have noted judicial review of rate making has long been accepted. Barmel v. Minneapolis-St. Paul Sanitary District, 201 Minn. 622, 277 N.W. 208, held the courts will not interfere with or determine the reasonableness of the exercise of the power of eminent domain. New Orleans Gas Light Co. v. Drainage Commission of New Orleans, 197 U.S. 453, 25 S.Ct. 471, 49 L. Ed. 831, held a gas company locating its pipes under the city streets, under the privilege of a franchise, acquired no rights to any particular location and therefore could not claim its property was being taken without compensation when it was required to move its mains to new locations because of the construction of a city drainage system. In this case, the Water Company is making no such claim; and, while Sec. 227.240 authorizes the Commission to pay part of the cost of relocation, the Water Company has no right to require it to do so in whole or in part. The Commission has complete discretion as a matter of policy as to whether or not it will use any of its funds for such costs and that matter is not subject to judicial review.

■ It is obvious from the exhibits attached to the pleadings that the Water Company was not given the kind of hearing to which it was entitled under the provisions of Chapter 536. No witnesses were sworn and there was no evidence offered or notice of official notice of facts given by the Commission; see Sec. 536.070. The Commission cites 42 Am.Jur. 423, Sec. 94, concerning the kind of hearings authorized for obtaining information for rule making as justifying the kind of hearing it held. That is not the kind of hearing required by Sec. 227.240 and Chapter 536, although hearings of that kind are entirely proper for the Commission to obtain information concerning its functions of locating, designing, constructing and maintaining highways. While most of the duties of the Commission are in that field and it may not have many cases to which the provisions of Chapter 536 are applicable, we must and do hold that they are applicable to cases

in which a hearing is required by Sec. 227.-240. Therefore, we must and do hold that respondent has jurisdiction in the case of St. Louis County Water Company v. State Highway Commission in the Circuit Court of St. Louis County under the venue provisions of Sec. 536.110.

Our preliminary rule in prohibition is discharged.

All concur.

On Motion for Rehearing

PER CURIAM.

In its motion for rehearing and its suggestions, the Commission seeks to raise and argue questions concerning the merits of the controversy which would properly be presented for its decision in the hearing required by Sec. 227.240. (Such as where in the right of way the Water Company's pipes should be located and whether these pipes in their present location would become traffic hazards on the reconstructed highway.) Such questions are not before us in this case.

The question for our decision herein is whether the Circuit Court of St. Louis County has any jurisdiction in the Water Company case and not what kind of rulings it should make if it has jurisdiction. The question of its jurisdiction depends on whether Sec. 227.240 requires "legal rights, duties or privileges" of the Water Company "to be determined after a hearing," before the Commission acting as an administrative body. Sec. 536.010. If so it is a "contested case" before the Commission in its capacity as an administrative agency, to which the hearing and review provisions of Chapter 536 are applicable, and is not a matter of policy being considered by the Commission in its legislative capacity.

This does not mean as the Commission suggests that the Circuit Court may decide the question of where in the right of way the Water Company pipes should

be located. "Our constitutional provision, Sec. 22, Art. V, 'does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. But it does authorize it to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence.' * * * 'The Commission is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.'" Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136, 141-142.) In this kind of a case, to make its decision the Commission must exercise its discretion on the facts found by it; and "the court shall not substitute its discretion for discretion legally vested in the agency." Sec. 536.140, subd. 5.

The Commission claims that this case involves *only* future plans, facts, needs and safety for the reconstructed highway; and it claims our opinion assumes that this case involves *only* a particular party in a particular situation based on past facts, that is as to where the pipes should have been in the past. Neither claim is correct. The facts that the Water Company has its pipes in a particular location, and that they had been so located with the approval of the Commission, are facts to be considered, as is also the right of the Water Company to have its pipes in the right of way somewhere. Likewise to be considered is the effect of the pipes as now located on the construction, maintenance and use of the planned reconstruction. However, whether the new plans for the reconstructed highway are necessary and proper are matters solely for the determination of the Commission and no issue concerning them is involved in the hearing required by Sec. 227.240 or subject to judicial review. The question for determination of the Commission in the required hearing is whether the reconstruction of the highway in accord-

ance with these plans makes it necessary to move these pipes to the proposed new location to prevent interference with the construction, maintenance or use of the reconstructed highway. Judicial review would be limited to the determination of whether, on all the evidence produced at the hearing, the Commission could reasonably have made findings which would show that the pipes in their present location would interfere with the construction, maintenance or use of the reconstructed highway and which would make it reasonable to require their removal to the proposed new location. Sec. 536 intends that these issues be raised by the Commission in the notice to the necessary parties required by Sec. 536.067 (which supplements Sec. 227.240) and that the hearing be conducted as provided by Sec. 536.077 so that the Commission's evidence, plans and matters of which it takes official notice would be in the record as well as the evidence of the opposing parties to be affected by the orders determining the issues involved.

▆ The Commission further says it has never been given authority to hold judicial or quasi-judicial hearings. However, all administrative agencies are given that authority by the provisions of Chapter 536 (see Sec. 536.010(1), which applies to the determination of all cases that must be classified as contested cases under Sec. 536.010 (3).) The Commission also says it has no power of subpoena or to compel the production of any book or paper but it has overlooked Sec. 536.077. It also says the record in this case is inadequate for judicial review, which seems to be true, but that is because the Commission did not hold the kind of hearing required by Sec. 536.-070; and the trial court certainly has authority to remand the case so that such a hearing could be held. We cannot in this proceeding in prohibition direct the judgment the trial court should enter; but, if the trial court does not enter a proper judgment, the Commission may appeal and

we would then have before us a case in which we could do so.

The Commission cites cases concerning its authority to locate highways, such as Castilo v. State Highway Commission of Missouri, 312 Mo. 244, 279 S.W. 673, and Selecman v. Matthews, 321 Mo. 1047, 15 S.W.2d 788, 63 A.L.R. 512; concerning its authority to build interstate bridges, State ex rel. State Highway Commission v. Sevier, 339 Mo. 479, 97 S.W.2d 427; and concerning its authority to determine the amount and time of payment of a refund for a bridge taken over by the Commission. State ex rel. Kansas City, Mo. v. State Highway Commission, 349 Mo. 865, 163 S.W.2d 948. In the latter case we did by mandamus require the Commission to determine the amount of the refund but held that questions of time and manner of use of its funds were wholly within its discretion. These cases involved general legislative and policy matters, committed entirely to the discretion and judgment of the Commission, which we stated in our opinion herein were not subject to the Administrative Procedure Act or to judicial review. They have no bearing whatever on the determination of the kind of hearing required under Sec. 227.240 and the procedure applicable thereto.

The Commission further says we have held the Legislature could amend Sec. 22, Art. V, of the Constitution, V.A.M.S. "so as to expand the word 'rights' to mean and include the words 'or duties or privileges,' and thereby expanded the exception to the separation of powers required by Art. II." As we pointed out in our opinion, the first part of Sec. 22 (concluding with "as provided by law") authorizes the Legislature to provide *direct* review of the administrative actions mentioned, "that is review by an appeal which is a continuation of the same case, rather than making it necessary to commence a new action (such as mandamus, certiorari, declaratory judgment or injunction) to get review." (This could even be a direct appeal to an appellate court instead of going through the circuit

court.) This part of Sec. 22 is not self-enforcing and even the rest of Sec. 22 concerning scope of review, which is self-enforcing, fixes minimum standards only. See Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647, 649; State ex rel. Leggett v. Jensen, Mo.Sup., 318 S.W.2d 353, 358; also see discussion in Eberle v. Plato Consolidated School District No. C-5, Mo.Sup., 313 S.W.2d 1, 3; also see Procedure Before and Review of Missouri Administrative Agencies—Shewmaker, 37 V. A.M.S., pp. 145, 157, 164, showing that the term "private rights" was used in a very broad sense. Thus the part of Sec. 22 relied on by the Commission is a grant of authority to the Legislature to provide more direct judicial action through appeals from administrative tribunals; and is, as the Commission suggests, an exception to Article II. It certainly cannot be construed as a restriction to prevent the Legislature, as it has done in Chapter 536, from providing by a kind of statutory certiorari in the circuit courts (Secs. 536.110, 536.120, 536.130, 536.140) for review of administrative decisions which involve legal duties or privileges; especially since this kind of review has long been approved for actions of the Public Service Commission which are legislative in nature rather than judicial or quasi-judicial or concern the granting of certificates of convenience and necessity which certainly are in the nature of privileges rather than rights. (See the many cases cited West's Missouri Digest under Automobiles ⟷84, in which there has been such review of orders refusing, revoking or modifying certificates of convenience and necessity; see also procedure for judicial review of revocation or denial of licenses to sell liquor, provided by Sec. 311.700, which certainly cannot be anything more than a privilege.) It should also be noted that even the broadest powers given the Commission by Sec. 29, Art. IV, of the Constitution are "subject to limitations and conditions imposed by law as to the manner and means of exercising such authority." We, therefore, hold that the authorization of judicial review of administrative decisions determining legal duties or privileges, provided by Chapter 536, is not unconstitutional.

The motion for rehearing is overruled.