**Russell BROD, et al., Appellants,**

v.

**Robert EVANS, et al., Respondents.**

**No. WD 38986.**

Missouri Court of Appeals, Western District.

Oct. 20, 1987.

L.E. Atherton, Milan, for appellants.

Andrew A. Krohn, Princeton, for respondents.

Before MANFORD, P.J., and NUGENT and GAITAN, JJ.

NUGENT, Judge.

Plaintiffs Russell and Ann Brod appeal from a denial of Count I of their amended petition seeking a writ of mandamus directing the defendant township board to remove obstructions and maintain the roadway in question. Plaintiffs do not appeal from the trial court's denial of Count II of their amended petition seeking a mandatory injunction against defendants Robert and Edith Evans. We affirm the judgment.

The one-half mile road in question lies in Madison Township in Mercer County and borders part of plaintiffs' property. Plaintiffs purchased their property in 1956 and cleared the brush where their property joins the road; they continue to maintain their side of the road. An impassable bridge at the east end of the road was removed in 1980, the last year a road grader was used on the road. Plaintiffs have access to their property by way of another road on the west side of their property, and they also have a gate opening onto the road in question even though that portion of the road is difficult to travel.

Plaintiffs filed suit for a writ of mandamus to force the defendant township board to remove obstructions and maintain the road. Plaintiffs' first three points on appeal complain that the trial court erred in not issuing its writ of mandamus to remove obstructions and to maintain the road. Their fourth point is that the trial court erred in assessing costs against them.

The judgment of the trial court will be sustained on appeal unless no substantial evidence exists to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.1976) (en

banc). "The general rule is that a court will issue a writ of mandamus only where it is shown that one requesting the writ has a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached." *Naugher v. Mallory,* 631 S.W. 2d 370, 374 (Mo.App.1982).

Here the trial court found that the improvements plaintiffs requested the township make were matters that were not purely ministerial but to a large degree discretionary. *Barth v. Clay Township,* 354 Mo. 90, 188 S.W.2d 660, 662 (1945). The court concluded that the board had not abused its discretion and that the judgment of the board so exercised could not be controlled or reviewed in a mandamus proceeding. *State ex rel. State Highway Commission v. Sevier,* 339 Mo. 479, 97 S.W.2d 427, 428 (1936) (en banc). *McMurry v. Kansas City,* 283 Mo. 479, 223 S.W. 615, 619 (1920) (en banc).

The trial court's denial of the petition for writ of mandamus was correct, and we affirm that ruling.

Plaintiffs' fourth point on appeal is that the court erred in assessing costs against them. Courts of equity have inherent and discretionary power to award costs and may order one party or the other to pay costs. *Publicity Building Realty Corp. v. Thomann,* 353 Mo. 493, 183 S.W.2d 69, 73 (1944). § 514.060, R.S.Mo., 1986. The court did not err in assessing costs against the plaintiffs.

Accordingly, we affirm the judgment.

All concur.