**STATE of Missouri, on the relation of Hunter PHILLIPS, Carl E. Davis, Don G. Williams, members of the Missouri State Tax Commission, Petitioners,**

v.

**The Honorable John YEAMAN, Presiding Judge of the Sixth Judicial Circuit, Respondent.**

No. 54956.

Supreme Court of Missouri, En Banc.

March 9, 1970.

in Clinton County. The injunction suit was filed against the three judges of the county court, the assessor, and the county clerk, in their capacity as the Clinton County Board of Equalization. The relief sought was to enjoin the defendants from complying with the order of the state tax commission of July 9, 1969, directed to defendant county clerk, increasing the aggregate valuation of Clinton County farm lands 20% and town lots 10%, on the ground that the assessment was unjust, arbitrary, capricious, and deprived the citizens of Clinton County of their property without due process of law.

The order of the state tax commission was made July 9, 1969. It was received by the board of equalization July 14, 1969. The injunction suit was filed July 15, 1969, and on the same day respondent judge issued a temporary restraining order. A temporary injunction was issued July 21, 1969, and respondent set a hearing for August 12, 1969, on whether a permanent injunction should issue. On August 11, 1969, the state tax commission filed the present action in prohibition in this court. We issued a stop order, followed by our provisional rule. Respondent has filed a motion to dismiss the petition in prohibition and the provisional rule, which has been overruled, and an answer. The parties have filed briefs and the cause has been argued before the court en banc.

John C. Danforth, Atty. Gen., John C. Craft, Asst. Atty. Gen., Jefferson City, for petitioners.

G. Raymond Speckman, Lawrence V. Fisher, Frost & Speckman, Plattsburg, for respondent.

SEILER, Judge.

This is an action in prohibition by the state tax commission against a circuit judge. The action grows out of an injunction suit filed in respondent's court by four plaintiffs who are resident landowners of Clinton County, in their individual capacity and as representative of persons who own real estate subject to taxation

The decisive issue on the pleadings is whether respondent has exceeded his jurisdiction in restraining the Clinton County Board of Equalization and its clerk from complying with the order of the state tax commission. Absent the restraint of the circuit court, it was the statutory, ministerial duty of the defendants to comply with the order, pursuant to Secs. 137.-235, 138.030, 138.060, and 138.080, RSMo 1959, V.A.M.S., see State ex rel. State Tax Commission v. Briscoe, Mo., 451 S.W.2d 1, decided by this court on March 9, 1970 and cases there cited.

So the first question becomes, what did the respondent judge have before him when

he concluded he had jurisdiction to restrain the defendants in the injunction suit? He had before him an injunction petition which attacked the validity of the order of the state tax commission of July 9, 1969. A copy of the order was attached to and made a part of the petition. The order states it is made pursuant to Sec. 138.390, RSMo 1959, V.A.M.S., this statute requires the state tax commission between June 20th and the second Monday of July in each year to equalize the valuation of real and tangible personal property among the several counties in the state. The order is directed to the county clerk and specifically calls attention to Sec. 138.030, RSMo 1959, V.A.M.S., which imposes the duty upon the county board of equalization to hear complaints and equalize the valuation and assessments upon all real property taxable by the county and directs that the county board shall not reduce the valuation below the value as fixed by the state tax commission.

█ The injunction petition alleged the tax commission order deprived the citizens of the county of their property without due process of law "by the arbitrary and capricious action" of the commission. This allegation is only a conclusion and would by itself furnish no basis for exercise of equity jurisdiction by respondent, State ex rel. State Tax Commission v. Briscoe, supra. The petition also alleged that Clinton County property owners would have to pay a higher proportionate share of school taxes than landowners in the same school district residing in another county, citing Sec. 137.073, RSMo 1959, V.A.M.S., which provides for a reduction of levies of school districts when a county assessment is increased by 10%.[1]

█ The petition alleges, further, that the tax commission arbitrarily raised the assessed valuation of real property in Clinton County to an unreasonable amount while not raising the adjoining counties of Buchanan and DeKalb "a compensating amount". This too seems to be a claim of excessive overvaluation, which would not be any basis for equity jurisdiction, Peck's Products Co. v. Bannister (Mo.Sup.) 362 S.W.2d 596, 601; Cooley on Taxation, 4th Ed., Sec. 1650. The allegation about not raising two adjoining counties "a compensating amount" standing alone is not ground for intervention by injunction. The fact there was no increase, if so, in Buchanan and DeKalb counties does not show the tax commission was arbitrary and capricious when it ordered a 20% and 10% increase in Clinton County in performing its constitutional and statutory duty to equalize assessments as between counties. This is a matter of judgment and discretion to be exercised by the commission. The same is true with respect to the allegation in the petition that the difference in increase between lands and town lots "is arbitrary and capricious and is an abuse of discretion on behalf of the State Tax Commission when a rapidly developing county has pockets of urban development outside of incorporated cities and villages." The gist of the com-

---

1. This is largely an allegation in the nature of simple disagreement with the tax commission as to its aggregate valuation of lands and town lots in Clinton County, which would not support equity intervention. It assumes the valuations in the other counties (not named) were not already at a level corresponding to what the tax commission was seeking to attain by its aggregate increase in Clinton County. Other allegations in the petition state the tax commission arbitrarily raised the real estate valuation in the various school districts to unreasonable amounts, running from 66% to 131%. These allegations are hard to follow, as there is no provision in the statutes for the tax commission to assess or equalize school districts as such, and the order of July 9, 1969, says nothing about school districts. Perhaps the allegations are meant to convey the idea that to achieve the aggregate 20% increase in lands and 10% increase on town lots ordered by the tax commission, some of the school district valuations would be increased as much as 131%. If so, such districts must have been locally assessed at around 7½% to 15% prior to the increase, which fact, if true, does nothing to strengthen the injunction plaintiffs' position.

plaint presented by the allegations of the injunction petition thus far considered is that the tax commission erred in its decision, dissatisfaction with the increased assessment, and that the equity court should hear the matter de novo.[2] Such is not the law. Courts of equity do not sit in review of proceedings of subordinate tribunals where the original decision is left to the sound discretion of such bodies, State ex rel. Bader v. Flynn, 236 Mo.App. 577, 159 S.W.2d 379, 382–383.

■ Even if we assume the foregoing allegations of the injunction petition are sufficient as far as they go to justify the exercise of respondent's equity jurisdiction, there is yet another bridge to cross and that is whether plaintiffs had no adequate remedy at law, because " * * * if there is an adequate remedy at law, injunction will not lie * * *" and the matter can be reached by prohibition, State ex rel. Janus v. Ferriss (Mo.App.) 344 S.W.2d 656, 659; State ex rel. Kenamore v. Wood, 155 Mo. 425, 56 S.W. 474, 48 L.R.A. 596; Weston v. Fisher (Mo.App.) 180 S.W. 1038; State ex rel. Mathas v. Brackman (Mo.App.) 243 S.W.2d 793.

Plaintiffs had an adequate remedy at law available had they chosen to use it and therefore respondent judge exceeded his jurisdiction when he restrained the defendants. When the plaintiffs induced respondent to take action on July 15, 1969, the county board of equalization was then in session. The tax commission's order had been transmitted to it the day before, July 14, 1969, which was the second Monday in July, the date on which the county board was required to meet to equalize the valuation of real estate in the county and hear complaints, Secs. 138.010 and 138.030, RSMo 1959, V.A.M.S. In case it raised the valuation of any property it was required to give notice to the owner and that the board would be in session as a board of appeals on the second Monday in August (in 1969 this was August 11) to hear reasons why such increase should not be made, Sec. 138.050, RSMo 1959, V.A.M.S. This meant that plaintiffs would have an opportunity to be heard if there proved to be an increase in valuation on any of their property.

Actually, it did not follow that because the state tax commission had ordered an increase of 20% on lands and 10% on town lots, the county board of equalization, in complying with the order, would increase the valuation of the property of any of the plaintiffs. The order of the commission necessarily was as to the aggregate value of lands and lots in the county. In complying with it, the county board might have applied increases only to parcels in the county which were assessed below the average in the county. Plaintiffs' property may not have been among these. The county board may have decided to equalize throughout the county and avoid any blanket increase, or it may have made a blanket increase of all lands and town lots across the board. Whatever it did, it would have been required to give the individual plaintiffs notice of any increases affecting them, and they would have had an opportunity to be heard in protest. They would be entitled to give whatever reasons they had as to why the increase in valuation should not be made as respects their individual property, which is the only property on which they must pay taxes. If they could prove the assessed valuation of their land was too high they could do so, and if not successful before the board of appeals they could appeal to the state tax commission, Sec. 138.430, RSMo 1959, V.A.M.S., and then on to the circuit court and the appellate courts by the review procedures of Secs. 536.100–536.140, RSMo 1959, V.A.M.S.

2. For example, at oral argument, counsel for respondent said they would propose to offer expert evidence before respondent to the effect that Clinton County was already assessed to 30% of value without the increase ordered by the tax commission and that counsel would show the valuation in other counties.

■ All this was available to plaintiffs at the time they filed their injunction suit, had they chosen to avail themselves of their legal remedy, but which they elected not to pursue. It would have provided them with a full, adequate and complete means to contest on the facts and the merits any increase in valuation which proved to be assessed against their property. The essential that plaintiffs be without an adequate legal remedy did not exist at the time the respondent judge proceeded to act and the trial judge therefore exceeded his jurisdiction in restraining the defendants from proceeding as required by the statutes. The provisional rule is ordered made absolute.

HENLEY, C. J., FINCH, DONNELLY, MORGAN and HOLMAN, JJ., and BRADY, Special Judge, concur.

STORCKMAN, J., not sitting.