**STATE ex rel. Hale W. BROWN, Appellant,**

v.

**Frank J. ANTONIO, Tax Assessor of St. Louis County, Missouri, and Samuel B. Murphy, Respondents.**

No. 57988.

Supreme Court of Missouri, En Banc.

Jan. 17, 1973.

Hale W. Brown, pro se.

George F. Gunn, Jr., St. Louis County Counselor, Thomas W. Wehrle, Deputy County Counselor, Robert H. Grant, Asst. County Counselor, Clayton, for respondents.

William W. Beckett, Columbia, Cook, Murphy, Lance & Mayer, St. Louis, for respondent, Samuel B. Murphy.

MORGAN, Judge.

In the trial court plaintiff sought a writ of mandamus to compel the Assessor of St. Louis County, Missouri, to assess all property, except crops, in the Kirkwood R–7 School District at its true value in money —rather than at one-third of such value. Another taxpayer of the school district intervened and is named as a party-defendant. The case was tried on an agreed stipulation of facts, relief was denied and plaintiff has appealed. We affirm.

The parties agree, as shown by the stipulation filed, that the defendant-assessor "has in the past and is now assessing real and personal property in St. Louis County at one-third its value." Plaintiff submits that such practice violates Art. 10, § 4(b) of the 1945 Constitution of Missouri, V.A. M.S., which provides, in part: "Property . . . [in classes of interest here] . . . shall be assessed for tax purposes at its value or such percentage of its value as may be fixed by law . . . ." It is then suggested that there has been no legislative action "fixed by law" which makes the latter alternative available to the defendant-assessor.

To the contrary, defendants submit that there has been legislative approval of the customary practice of assessing property at a percentage of its true value. For instance, reference is made to Section 163.-031, V.A.M.S., which provides, in part: "A school district which levies a property tax that produces an amount not less than the product of three dollars and fifty cents for each one hundred dollars tax on the prop-

erty of the district assessed at *thirty percent of true value* as determined by the state tax commission . . . ." (Emphasis added.) Further argument is made that the words "fixed by law" in the constitutional provision noted do not have the limited connotation of "fixed by statute." Precedents cited are In Re McKinney's Estate, 351 Mo. 718, 173 S.W.2d 898, 902 [6–9] and United States Fidelity and Guaranty Co. v. Guenther, 281 U.S. 34, 50 S.Ct. 165, 74 L.Ed. 683. After noting that "percentage" valuations for tax purposes have been accepted historically in this state, defendants suggest that " . . . if all public executive and administrative officials, without known exception, interpret the Constitution and statutes as establishing, authorizing and directing the procedures now in effect, the courts should give these interpretations very serious consideration and should set aside present procedures only if manifestly improper." State ex rel. Weinstein v. St. Louis County et al., Mo., 421 S.W.2d 249; State ex rel. Curators of University of Missouri v. Neill, Mo., 397 S.W.2d 666; Rathjen v. Reorganized School District R–II, 365 Mo. 518, 284 S.W.2d 516; Three Rivers Junior College District v. Statler, Mo., 421 S.W.2d 235. Other cases cited, which involved analogous tax assessment questions, are: Foster Bros. Manufacturing Co. v. State Tax Commission, Mo., 319 S.W.2d 590; Drey v. State Tax Commission, Mo., 345 S.W.2d 228 and State ex rel. Kahler v. State Tax Commission, Mo., 393 S.W.2d 460.

Notwithstanding the problem posed, we are confronted with the further argument of defendants that: " . . . the State of Missouri has enacted a plan for the assessment of taxes which contemplates a full administrative procedure for administrative review of assessments and for the supervision of local taxing authorities in the performance of their duties. The Statute does not contemplate judicial review at this point in the proceedings without any attempt whatsoever being made by the appellant to have an administrative review of his complaint . . . ." This contention is premised, generally, on the provisions of Section 138.410 subd. 1, which states: "The commission shall exercise general supervision over all the assessing officers of this state, over county boards of equalization and appeal in the performance of their duties under this chapter and all other laws concerning the general property tax and shall institute proper proceedings to enforce the penalties and liabilities provided by law for public officers, officers of corporations and individuals failing to comply with the provisions of this chapter, and of all laws relating to the general property tax." On this point, the law is well established and sustains defendants' position. For instance, as said in Peck's Products Company v. Bannister, Mo., 362 S.W.2d 596, 1. c. 600: " . . . the plaintiffs did not so much as attempt to pursue the conventional administrative remedies, particularly the remedies contemplated by the 1945 constitution. Specifically, they did not appeal their valuations and assessments to the local board of equalization and the State Tax Commission and finally seek review of the commission's order under the Administrative Procedure Act." See also Brinkerhoff-Faris Trust & Savings Co. v. Hill, 323 Mo. 180, 19 S.W.2d 746; State ex rel. Merritt v. Gardner, 347 Mo. 569, 148 S.W.2d 780; Cupples-Hesse Corporation v. Bannister, Mo., 322 S.W.2d 817; and May Department Stores Co. v. State Tax Commission, Mo., 308 S.W.2d 748. Plaintiff can not prevail in this action for failure to pursue his administrative remedy. " . . . [O]ur constitution and statutes contemplate a comprehensive plan for the valuation of property for tax purposes and in general the administration of the over-all scheme, including valuation and assessment, has been entrusted to the State Tax Commission." Peck's Products Company, supra, 1. c. 599 [1–3].

To prevent plaintiff from having to stand alone as a taxpayer who seeks to have his taxes increased three-fold, we feel somewhat compelled to record his stated objective, i. e., to avoid expenditures for a

multiplicity of school-tax elections, of which many are unsuccessful, when such needed funds could be raised by rates available by statute to the school board if such rates were related to assessments based on the true (100%) value of the taxable property.

The judgment is affirmed.

BARDGETT, J., concurs.

DONNELLY and HENLEY, JJ., concur in result.

FINCH, C. J., concurs in result in separate concurring opinion filed.

HOLMAN, J., concurs in result and concurs in concurring opinion of FINCH, C. J.

SEILER, J., dissents in separate dissenting opinion filed.

FINCH, Chief Justice (concurring).

I concur in the result reached by the principal opinion, namely, affirming the action of the trial court in denying mandamus against the Tax Assessor of St. Louis County, but I do so for reasons other than as expressed in the principal opinion. In so doing, I would hold specifically that this action shall not be res adjudicata in any subsequent action seeking to resolve the basic issue sought to be determined in this suit.

I cannot agree that relator really has an adequate administrative remedy by appeal or that we should content ourselves with saying simply that he should pursue that avenue. If he were seeking only to change his own assessment, (even though he were seeking to increase the assessment rather than decrease it, as in most instances), such appeal would provide a sufficient means of review. However, in this case, the relator is not seeking simply a correction or adjustment of the assessment of his own property. Rather, he seeks to compel the assessment of all property in the school district at true value instead of thirty percent value, and an appeal by the relator as to his own assessment will not and cannot accomplish this objective of the relator.

What relator seeks to accomplish in this suit is to make an indirect or collateral attack on intercounty equalization by the State Tax Commission. Section 138.410 subd. 1 [1] provides that the State Tax Commission shall have general supervision over all assessing officers of the state. There is provision for appeal from assessments by the assessor to boards of equalization and then to the State Tax Commission. In addition, the Commission is required to make an annual review and order, pursuant to §§ 138.390 and 138.400, whereby it undertakes to equalize intercounty assessments.

The parties recognize and stipulate that all counties presently assess property at a percentage of true value, and we know from the briefs and by judicial notice from other cases which have been heard in this Court that such percentage has been fixed by the State Tax Commission at thirty percent of true value. As indicated above, relator really seeks to make a collateral attack on such action by the State Tax Commission (pursuant to which the county assessor is acting) and he seeks to do so in a proceeding to which the State Tax Commission is not a party. Such collateral attack is not contemplated by the statute and is not permissible. Foster Bros. Mfg. Co. v. State Tax Commission, 319 S.W.2d 590 (Mo., 1958). Were we to grant the relief sought by relator in this proceeding, the plan of intercounty uniformity would be destroyed and a chaotic condition would result.

The dissenting opinion suggests that the case should be reversed and remanded with

1. All statutory references are to R.S.Mo.1969, V.A.M.S.

directions to permit relator to amend and convert the action from mandamus to a suit seeking declaratory judgment relief under Chapter 527, with the State Tax Commission added as a party defendant. Even assuming a right in relator or some other taxpayer to sue the State Tax Commission, a question on which I do not express an opinion, I doubt the propriety of the procedure suggested in the dissent. This question of a right to proceed against the Commission is not briefed for us in the present case. The statutes relating to the State Tax Commission contain no express provision for suits by or against the Commission (other than appeals from boards of equalization). It may be that suit could be brought against the Commission even without express statutory authorization (see State ex rel. State Tax Commission v. Briscoe, 451 S.W.2d 1 (Mo. banc, 1970); State ex rel. Phillips v. Yeaman, 451 S.W. 2d 115 (Mo. banc, 1970); State ex rel. State Tax Commission v. Walsh, 315 S.W. 2d 830 (Mo. banc, 1958); State ex rel. Thompson v. Dirckx, 321 Mo. 345, 11 S. W.2d 38 (Mo. banc, 1928)), but there would be the further question as to where such suit could be brought and whether it must be in the Circuit Court of Cole County where the office of the State Tax Commission is located. This question also is not briefed in this case. Hence, I would dispose of this case without prejudice to the right to file a new suit, if relator so elects, leaving open for determination therein the issues of whether the Tax Commission may be sued, what other parties, if any, are proper and the venue of such suit, rather than in effect prejudging these questions by remanding the case to the Circuit Court of St. Louis County for a decision by that court with both the State Tax Commission and the St. Louis County Assessor as parties defendant.

Meanwhile, if it be true, as defendant Assessor and the intervening taxpayers contend, that the General Assembly intends that property be assessed at some percent-

age other than full value under the terms of Article X, § 4(b) of the Constitution of Missouri, V.A.M.S., it will have time to do so by express legislation in the current session, thereby definitely settling the question, rather than leaving it for determination on the basis of inference or interpretation.

SEILER, Judge (dissenting).

I respectfully dissent, for two reasons.

First, I do not believe plaintiff has any administrative remedy whereby he can get at his complaint—namely, the failure of the assessor to assess all property in the school district at its true value in money, rather than at one-third of such value. The administrative procedure for review of assessments is set forth in Chapter 138, R.S.Mo.[1] We reviewed it in State ex rel. Phillips v. Yeaman, (Mo.Sup. banc) 451 S.W.2d 115. Under the statutory procedure, the individual taxpayer may appeal to the county board of equalization from the valuation of his property made by the assessor, Sec. 138.060. Whenever the board of equalization raises the valuation it shall give notice to the owner, Sec. 138.050; Sec. 138.100. The state tax commission is authorized to raise or lower the assessed value of the property of any owner, provided notice is first given the owner, Sec. 138.380. Every owner of property has the right of appeal from the local board of equalization to the state tax commission, Sec. 138.430. Nowhere, however, is the individual taxpayer given an opportunity to challenge the failure of the assessor to assess everybody else's property at its true value.

Second, I do not believe the law authorizes the assessor to assess property at one-third its value. On the contrary, Sec. 137.-115 and Sec. 137.335 require the assessor to assess the property at its *true value in money*, except certain field crops which are to be assessed at ten percent of their

---

1. All statutory references aer to RSMo 1969, V.A.M.S.

true value in money. Defendants in their brief suggest a change by the legislature is needed to accomplish assessment at true value. It is difficult to see how the legislature could state any more plainly than do the present statutes that property is to be assessed at its true value in money. Sec. 138.030 requires the board of equalization to proceed so that property is entered on the tax books at its true value. Sec. 138.-050 and Sec. 138.100 require the board to raise or reduce property to its true value.

The example advanced by defendants—Sec. 163.031—is not apropos. The part of Sec. 163.031 referred to is a tax formula for determining whether a given school district is entitled to state aid. As with any formula or ratio, there must be an antecedent and a consequent. The "thirty percent of true value" is part of the formula and nothing more. It is the figure which the legislature chose to use with a $3.50 rate, but does not constitute the establishment of a uniform percentage of value to be used at all rates or for all assessments. A different rate would have called for a different percent.

Under our system of taxation, Art. X, Missouri Constitution, tax rates are to be set by legislative bodies or by vote of the people. Assessments are made by the assessors. The tax equation is: tax revenue = (rate) x (assessed value). As the system operates and is sought to be continued by defendants, however, the tax rates are in effect set by the assessor, not the legislative bodies, because when the assessor lowers the assessed value part of the equation by assessing property at a fraction of its true value, then the tax rate must go up to obtain the necessary revenue.

The legislature can repeal the statutes requiring the assessor to assess the property at its true value in money and provide instead for assessment of property at a uniform percentage of value if it sees fit to do so. Until then, however, the assessor should follow the present statutes.

Subsequent to my writing the above, Chief Justice Finch has circulated his concurring opinion, which I have now had the advantage of reading. I agree with him that relator does not have an adequate administrative remedy. I also agree that if the judgment is affirmed, we should do so with the reservation that it is not res judicata in any subsequent action on the basic issue.

I would be in favor of reversing and remanding this issue, with directions to permit plaintiff to amend and seek declaratory judgment relief under Chapter 527, and to seek to join the State Tax Commission under rule 52.04(a) as a party in whose "absence complete relief cannot be granted among those already parties", without prejudice to the right of the State Tax Commission to raise the point, if it is so advised, of whether it is subject to suit and the proper venue thereof, and assuming these matters become preliminary issues, then to determine the same, and in event they are determined in favor of the relator, then to proceed to determine the issues on the merits, including the issue as to the authority for the thirty percent figure.