Dear Senator Murray:
You have requested our official legal opinion on the following question:
 If it is brought to the attention of the Board of Healing Arts that a physician is violating some provisions of section 334.100 (for example, habitual use of narcotics, grossly negligent practice, etc.), does the Board have the authority under section 334.230 RSMo to seek an immediate injunction or must they first proceed before the administrative hearing examiner.
You have also offered this explanation of your question:
 Individuals and certain of one media have been publicly critical of alleged misconduct and violations of practice by members of the medical profession. Doctors individually and collectively have discussed with the Board of Healing Arts the advisability of bringing an action to enjoin unlawful practice or violations of the Practice Act under section 334.230, RSMo. The Board of Healing Arts are of the opinion that they do not have power to seek an immediate injunction, but that they are bound by Section 334.100, Sub. 4, and must first proceed pursuant to Sections 161.252 — 161.342 RSMo.
The law regulating the practice of medicine or surgery, first enacted in 1877 (see State v. Smith, 135 S.W. 463, 468 (Mo. 1911)), last generally reenacted in 1959 (S.B. No. 50) and with subsequent amendments, contains the following provisions which are relevant to your inquiry:
 It shall be unlawful for any person not now a registered physician within the meaning of [this] law to practice medicine or surgery in any of its departments, or to profess to cure and attempt to treat the sick and others afflicted with bodily or mental infirmities, . . . except as herein provided. (Section 334.010, RSMo 1978.)
 [A]ll persons desiring to practice as physicians and surgeons in this state shall appear before the [state] board [of registration for the healing arts] . . . and be examined as to their fitness to engage in such practice. (Section 334.040.1, RSMo 1978.)
 After [August 29, 1959] . . . except as specifically provided [herein] for licensing applicants from other states or under [certification of National Board of Medical Examiners or National Board of Examiners for Osteopathic Physicians and Surgeons] . . . no license of any kind may be issued to any person by the board until he has successfully passed . . . the examination. (Section 334.040.3, RSMo 1978.)
 Every person licensed under the provisions of this chapter shall . . . each year . . . apply to the board for a certificate of registration for the ensuing year. (Section 334.080.1, RSMo 1978.)
 The board may refuse to license individuals of bad moral character, or persons guilty of unprofessional or dishonorable conduct; and it may, . . . institute proceedings leading to the placing of a licensee on probation, or the suspension or revocation of a license or other right to practice, however derived, for like causes as hereinafter provided. [Examples of unprofessional or dishonorable conduct are:]
* * *
 (15) Being unable to practice as a physician and surgeon or with a specialty with reasonable skill and safety to patients by reasons of medical or osteopathic incompetency, or the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the licensee's profession, or because of illness, drunkenness, excessive use of drugs, narcotics, chemicals, or any other type of material, or as a result of any mental or physical condition. In enforcing this subdivision the board shall, upon probable cause, require a physician to submit to a reexamination for the purpose of establishing his or her competency to practice as a physician or surgeon or with a specialty . . . including . . . the examination of the pattern and practice of said physician or surgeon's professional conduct, or to submit to a mental or physical examination or combination thereof by at least three physicians, . . . . A physician whose right to practice has been affected under this subdivision shall, at reasonable intervals, be afforded an opportunity to demonstrate that he can resume the competent practice as a physician and surgeon with reasonable skill and safety to patients.
* * *
 a. When the board finds any person unqualified because of any of the grounds set forth in subdivision (15), it may enter an order . . . [d]enying his application for a license; permanently withholding issuance of a license; administering a public or private reprimand; suspending or limiting or restricting his license to practice as a physician and surgeon for a period of not more than five years; revoking his license to practice as a physician and surgeon [or] requiring him to submit to the care, counseling, or treatment of physicians designated by the physician compelled to be treated. (Section 334.100.1, RSMo Supp. 1980.)
 Proceedings to suspend or revoke any license, except those proceedings initiated under . . . subdivision (15), shall be initiated and maintained by the board as provided in [the administrative hearing commission law]. (Section 334.100.2, RSMo Supp. 1980.)
 Any person whose license is revoked or suspended by the board shall have the right to have the proceedings [judicially] reviewed . . . . (Section 334.100.4, RSMo Supp. 1980.)
 If it appears . . . to the board . . . or it is known to the board that any person is violating any of the provisions of this chapter, the board, by its own proper counsel, or the prosecuting attorney of the proper county, or the attorney general may investigate and may, in addition to any other remedies, bring action . . . against any such person to enjoin him from such violation. The action may be commenced in the county in which the defendant resides or in the county in which the defendant engages in or attempts to engage in the matters complained of. . . . [T]he injunction may be issued without proof of actual damage sustained by any person or proof that any person will sustain damage if the injunction is not granted. (Section 334.230, RSMo 1978.)
 Upon receiving information that any provision of sections 334.010, . . . and 334.250
has been or is being violated, the secretary of the board . . . shall investigate, and upon probable cause appearing, the secretary shall, . . . file a complaint with the prosecuting . . . attorney of the county . . . where the alleged offense occurred. (Section 334.240, RSMo 1978.)
 1. Any person who violates section 334.010 shall, . . . be adjudged guilty of a misdemeanor . . . and treating each patient is considered a separate offense. (Section 334.250, RSMo 1978.)
We perceive in these provisions essentially four different remedies that could be pursued by the State Board of Registration for the Healing Arts whenever any person may be in violation of some aspect of the medical and surgical practices law:
(1) Criminal prosecution for a misdemeanor (§ 334.250);
(2) Civil suit for an injunction (§ 334.230);*
 (3) Refusal, revocation or suspension of a license after a contested case before the State Administrative Hearing Commission and subject to judicial review under §§ 536.100 — 536.140
(§ 334.100.2 and .4, RSMo Supp. 1980);
 (4) Proceedings by the Board leading to denial of license, reprimand of licensee, limitation or restriction upon license, revocation or suspension of the license, or compulsory care, counselling or treatment of licensee, and subject to judicial review under § 536.150 (§ 334.100.1(15) and .4, RSMo Supp. 1980).
Remedy (1), under the terms of § 334.250, appears to be available only when the possible violation of the medical practices law is the practicing of medicine or surgery without a valid license issued by the Board. Remedy (3) appears to be available both when the person who may be in violation of the law is licensed by the Board and when he is not but is seeking licensure by the Board. Remedy (4) appears to be principally available when the person possibly in violation of the law is currently licensed by the Board. Remedy (2), about which you are concerned, is somewhat ambiguous on this point** but we think § 334.230 authorizes the seeking and issuance of an injunction not only against a person who is practicing medicine or surgery in this state without a license from the Board but also against a person holding such a license who is violating one or more of the conditions attached to the license by the medical and surgical practices law, particularly the unprofessional or dishonorable conduct described in §334.100. The language in § 334.230, "in addition to any other remedies", appears to have been intended to counter the frequently expressed principle of equitable abstention where there is an adequate legal remedy. See e.g. State ex rel. State Tax Commission v. Yeaman,Judge, 451 S.W.2d 115, 118 (Mo. banc 1970). And, as expressed inMeyers v. Bethlehem Shipbuilding Corp., 303 U.S. 41 (1938):
 [It is a] long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Id. at 50-51.
Absent this particular language in § 334.230, an argument might be made that the equitable remedy of injunction against dishonorable or unprofessional conduct of a licensed physician was precluded by the adequate legal remedy of administrative proceedings, and judicial reviews thereof, leading to the revocation, suspension, or placing on probation, of the license held by an offending physician. However, because of the presence of the particular language, we believe the equitable remedy exists concurrently with the legal remedy, and is equally available to the Healing Arts Board.
Very truly yours,
 JOHN ASHCROFT Attorney General
* This remedy was not provided prior to 1959.
** An unambiguous statute in this regard is found in the law regulating funeral directors and embalmers, to wit: "The practice of embalming or funeral directing as defined in this chapter without a license or the engaging by any individual in unprofessional conduct as defined in section 333.121 is hereby declared to be a public nuisance and may be abated by injunction at the suit of the attorney general or by any prosecuting attorney . . ." Section 333.241 RSMo.