STATE of Missouri ex rel. J.C. NICHOLS COMPANY & State of Missouri ex rel. Overland Park Savings and Loan Association, Respondents,

v.

Robert BOLEY, et al., Appellants,

State Tax Commission, Cross–Appellants.

No. 75317.

Supreme Court of Missouri, En Banc.

May 25, 1993.

---

1. To the extent that it is inconsistent with this opinion, *State v. Werner*, 810 S.W.2d 621, 626 (Mo.App.1991) is overruled.

William J. Gnefkow, Legal Counsel, James B. Starkamp, County Counselor, Kansas City, Luann Johnson, R. Randall Turley, Jefferson City, for appellants.

Cathy J. Dean, Kansas City, for respondents.

HOLSTEIN, Judge.

The Jackson County Assessment Director, along with other county officials and the State Tax Commission, appeal the grant of a writ of mandamus. The writ compelled the county officials and State Tax Commission to use 1991 fair market values for calculating the 1992 assessed value of the "subject properties."[1] Because the case involves the construction of revenue laws of the state, this Court has jurisdiction. *Mo. Const. art. V, § 3.* The writ of mandamus is quashed.

Relator J.C. Nichols Company (Nichols) owned eight apartment complexes in Jackson County. The only change in the property in 1991 was the filing of condominium plats. The county assessor changed his determination of the assessed valuation of the properties for the tax year 1992.

Relator Overland Park Savings & Loan Association (Overland) owned a single property that had been platted as condominiums for over ten years. No new construction or improvements were made on the property in 1991. The assessor changed his determination of the assessed value of the property for the tax year 1992.

After their unsuccessful appeal to the Jackson County Board of Equalization, relators filed their petition for writ of mandamus in the circuit court. After their petition for writ was filed, relators also filed an appeal with the State Tax Commission.

Relators contend that the assessor is obligated to maintain the value determined in

odd numbered years for the following even numbered year under § 137.115.1, RSMo Supp.1992. Relators additionally argue that the State Tax Commission should have directed the county officials to follow the statute and maintain the same valuations for 1992 as in 1991. The State Tax Commission was named a party because § 138.-410.1, RSMo 1986, states that the Commission exercises general supervision over all assessing officers of the state and county boards of equalization.

■ The legislature has established a statutory scheme for review of property tax assessments. Any person aggrieved by the assessment of his property may appeal to the county board of equalization. §§ *137.385* and *138.060,* RSMo 1986. Complaints as to rulings of the county board of equalization are filed with the State Tax Commission. § *138.110,* RSMo 1986. If the case is decided by a hearing officer, a party may seek review by the Commission. §§ *138.431* and *138.432,* RSMo 1986. The decision of the Commission is subject to judicial review in the circuit court. §§ *138.432, 138.470, 536.100* and *536.110,* RSMo 1986.

■ Mandamus will not lie where another adequate remedy is available to relator. *State ex rel. Commissioners of the State Tax Comm'n v. Schneider,* 609 S.W.2d 149, 151 (Mo. banc 1980). There are sound reasons for this rule. "There is no remedy that a court can provide that is more drastic, no exercise of raw judicial power that is more awesome, than that available through the extraordinary writ of mandamus.... 'Its object is not to supersede but to supply the want of a legal remedy.'" *State ex rel. Kelley v. Mitchell,* 595 S.W.2d 261, 266–67 (Mo. banc 1980), quoting *State ex rel. Brunjes v. Linville,* 8 S.W.2d 623 (Mo. 1928). Here it is undisputed that relators have an adequate remedy in the procedure for administrative review, as provided under the statutes. *See also State ex rel.*

---

1. The peremptory order does not describe what it means by the words "subject properties." At one point in the peremptory writ the trial court refers to "all condominium properties in the

county," while in the petition the relators only requested an order relating to their condominium properties. In any event, this was not brought as a class action under Rule 52.08.

*Brown v. Antonio,* 489 S.W.2d 193, 194 (Mo. banc 1973).

The writ is hereby quashed without prejudice to the appeal now pending in the State Tax Commission.

All concur.