**STATE of Missouri ex rel. DPH CHESTERFIELD, LLC, Relator/Respondent,**

v.

**STATE TAX COMMISSION OF MISSOURI, and Jake Zimmerman, Assessor for St. Louis County, Respondents/Appellants.**

Nos. ED 98724, ED 98761.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 2013.

Rehearing and/or Transfer to Supreme Court Denied April 8, 2013.

Application for Transfer Denied
May 28, 2013.

Gerard T. Carmody, Lauren M. Wacker, Carmody MacDonald P.C., St. Louis, MO, for respondent.

Chris Koster, Attorney General, Emily A. Dodge, Assistant Attorney General, Jefferson City, MO, for appellant State Tax Commission of Missouri.

Patricia Redington, County Counselor, Paula J. Lemerman, Associate County Counselor, Clayton, MO, for appellant Assessor.

Before KATHIANNE KNAUP CRANE, P.J., MARY K. HOFF, J., and LISA VAN AMBURG, J.

PER CURIAM.

The State Tax Commission of Missouri (the Commission) and the St. Louis County Assessor (the Assessor) appeal from the circuit court's grant of a writ of mandamus. The writ ordered the Commission to issue an order compelling the Assessor to perform a new assessment of certain property for the 2009 assessment in compliance with section 137.345.5 RSMo (2000) [1] based on the successful appeal of the 2007 assessment of that property to the Board of Equalization (the Board). The writ of mandamus is quashed.

The parties filed a stipulation of facts in the circuit court. Relator, DHP Chesterfield, LLC, owned a parcel of commercial property (the Property) located in Chesterfield, Missouri. In 2007, the Assessor appraised the value of the Property at $23,698,300. Relator appealed the 2007 assessment to the Board. The Board reduced the appraised value of the Property to $14,000,000. Relator then appealed the 2007 assessment of the Property, as set by the Board, to the Commission, proposing that the "True Value (Market)" of the Property was $11,200,000 or less. This appeal remains pending.

In 2009, the Assessor valued the Property at $19,540,700. Relator appealed the Assessor's 2009 assessment of the Property to the Board. One of its grounds was that the Assessor violated section 137.345.5 [2] by not basing his 2009 assess-

---

1. All further statutory references will be to RSMo (2000) unless indicated otherwise.

2. Section 137.345.5 provides:
   In every instance where a taxpayer has appealed to the board of equalization or the state tax commission the assessment of the taxpayer's property, real or personal, and

that appeal has been successful, then in the next following and all subsequent years the basis upon which the assessor must base future assessments of the subject property shall be the basis established by the successful appeal and any increases must be established from that basis.

ment on the $14,000,000 value of the Property set by the Board in 2007. The Board denied relator's appeal of the 2009 assessment.

Relator then filed a Complaint for Review of the 2009 assessment with the Commission on the grounds of discrimination, overvaluation, and a violation of section 137.345. It subsequently filed a motion for summary judgment in that appeal on the ground that the Assessor had failed to comply with section 137.345.5 in assessing the Property. The Senior Hearing Officer granted the motion, set aside the Assessor's 2009 $19,540,700 valuation, and set "the true value in money" of the Property for the 2009 and 2010 tax years at $14,000,000.

Thereafter, the Assessor filed an Application for Review of the Senior Hearing Officer's Decision and Order with the Commission. The Commission overruled the Senior Hearing Officer's Decision and Order granting relator's motion for summary judgment and denied the motion for summary judgment. The Commission found that the true value in money of the Property in 2009 was a material fact in dispute. It concluded that section 137.345.5 imposed a duty on the Assessor, but did not impose the same duty on the Commission. The Commission reasoned that its constitutional obligation was "to assess the property in this appeal at its value, *i.e. true value in money—fair market value,* irrespective of whether the assessor addressed the 2009 valuation in accordance with Section 137.345[.5]." It further concluded that the $14,000,000 value set by the Senior Hearing Officer was an arbitrary assessment of value and that section 137.345.5 does not authorize the Commission "to default the value of the property under appeal to the prior assessment cycle's value" if the Assessor has failed to comply with that statute.

The Commission remanded the appeal to the Senior Hearing Officer for further proceedings. The Commission specifically ruled that its order was interlocutory:

### Interlocutory Order

This Order overruling the Decision of the Hearing Officer and denying the Motion for Summary Judgment is not a decision and order affirming, modifying or reversing the determination of the board of equalization under § 138.431.5, RSMo. It is an interlocutory order. It is not an appealable order under §§ 138.431.5 and 138.432, RSMo, until a Hearing Officer decision and order on the issue of valuation of the subject property is issued. At such time as the Commission may rule on an Application for Review of the Hearing Officer's Decision under the remand of this Order, the Commission's ruling herein may be raised as a point under a timely filed Petition for Judicial Review.

Relator thereafter filed a petition for writ of mandamus in the circuit court seeking an order directing the Assessor to comply with section 137.345.5 in assessing the Property for the 2009 tax assessment and ordering the Commission to require the Assessor to assess the Property in compliance with section 137.345.5.

The circuit court entered a preliminary order of mandamus, which it subsequently made permanent. It determined that the Assessor had not complied with section 137.345.5, and that the Commission had a non-discretionary duty to correct any assessment or valuation that was unlawful or improper.

On appeal, both the Assessor and the Commission first assert that mandamus does not lie because relator has not exhausted its administrative remedies. We

agree. Because this point is dispositive, we do not reach relator's remaining point.

■ Mandamus will not lie if another adequate remedy is available to relator. *State ex rel. J.C. Nichols Co. v. Boley*, 853 S.W.2d 923, 924 (Mo. banc 1993). The statutory scheme for review of property tax assessments provides an adequate remedy. *See id.* Section 137.385 allows any person aggrieved by the assessment of his or her property to appeal to the county board of equalization. A property owner has the right to appeal from the local board of equalization to the Commission. Section 138.430 RSMo (Cum.Supp.2009). If the case is heard by a hearing officer pursuant to section 138.431 RSMo (Cum. Supp.2011), any party subject to the decision may file an application for review with the Commission. Section 138.432. If an application for review is allowed, any person who is aggrieved by the Commission's decision may seek judicial review. *Id.* If an application for review is denied, the decision of the hearing officer is deemed the final decision of the Commission for judicial review. *Id.*

Relator's appeal is pending in the Commission before a senior hearing officer. The statutes provide an adequate remedy in the procedure for administrative review by the Commission, thus making mandamus inappropriate. *See Nichols*, 853 S.W.2d at 924.

However, relator argues that the exhaustion of administrative remedies doctrine should not preclude mandamus because the Commission and the Assessor exceeded their jurisdiction in refusing to enforce section 137.345.5, and further administrative review would not be as conve-

nient, beneficial, or effective as mandamus. We disagree.

The Commission's interlocutory order overruling the Senior Hearing Officer's entry of summary judgment and remanding the appeal for a hearing was within its jurisdiction and within its statutory authority. *See* Section 138.430.2. This case does not fall within the narrow exception to the exhaustion rule in which an administrative body has exceeded its jurisdiction by exercising a power it did not have. *See, e.g., State ex rel. Bd. of Hlth. Ctr. v. County Com'n*, 896 S.W.2d 627, 631 (Mo. banc 1995); *Bluffs Golf Joint v. St. Charles Bd. Equal.*, 943 S.W.2d 752, 755 (Mo.App. 1997). In addition, this case does not fall within another narrow exception to the exhaustion rule in which the remedy of mandamus is considered more convenient, beneficial, or effective than further administrative review. That exception has been applied to cases in which prompt review of a ruling is not available because there would be no final judgment disposing of all issues and parties for a substantial time period and to cases in which the remedy at law would result in multiple trials with overlapping issues and the risk of inconsistent results. *See State ex rel. Sasnett v. Moorhouse*, 267 S.W.3d 717, 724–25 (Mo. App.2008), and cases discussed therein.[3] Here, neither of these dangers is implicated. Point one is granted.

*Conclusion*

The writ of mandamus is quashed without prejudice to relator's appeal of the 2009 assessment pending before the Commission.

---

**3.** This discussion includes *State ex rel. Reis v. Nangle*, 349 S.W.2d 508, 512–13 (Mo.App. 1961), on which relator relies.