

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. ROBERT H. MAMMEN,    )
    )
        Relator,    )
    )
vs.    )    No. SC94913
    )
THE HONORABLE THOMAS N. CHAPMAN,    )
    )
        Respondent.    )

## ORIGINAL PROCEEDING IN MANDAMUS

### *Opinion issued May 26, 2015*

Robert Mammen filed a petition for a writ of mandamus requesting his immediate release on probation pursuant to section 217.362.3.[1]  Mr. Mammen argues that section 217.362.3 requires his immediate release on probation because he successfully completed the long-term substance abuse treatment program established by section 217.362.  Section 217.362.3 does not require the immediate release of an individual who, like Mr. Mammen, was sentenced as a "chronic offender" pursuant to section 577.023.6(4) and is ineligible for probation until serving a minimum of two years imprisonment.  The petition for writ of mandamus is denied.

---

[1] All statutory citations are to RSMo Supp. 2012 unless otherwise noted.

## I. Facts

A jury found Mr. Mammen guilty of driving while intoxicated. The circuit court found that Mr. Mammen was a "chronic offender" and, on January 14, 2014, sentenced him to 10 years imprisonment and participation in the long-term substance abuse treatment program established by section 217.362.

Mr. Mammen was received by the Missouri Department of Corrections on January 17, 2014. The department determined that, given Mr. Mammen's jail time credit, he was first eligible for release on June 24, 2015.

Mr. Mammen successfully completed the substance abuse program. The Missouri Board of Probation and Parole informed the circuit court that Mr. Mammen had successfully completed the program. The board advised the court that Mr. Mammen would be eligible for probation release on June 24, 2015. The circuit court adopted the board's recommendation and directed that Mr. Mammen be released on probation on June 24, 2015.

Mr. Mammen filed the instant petition for a writ of mandamus arguing that he is entitled to immediate release on probation pursuant to section 217.362. As established below, section 217.362 does not require the circuit court to immediately release a chronic offender on probation prior to serving the two years of imprisonment mandated by section 577.023. Instead, as the circuit court ordered, Mr. Mammen is eligible for release on probation on June 24, 2015.

## II. Standard of Review

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1. "A writ of mandamus may issue upon proof of a 'clear, unequivocal specific right to a thing claimed.'" *U.S. Dept. of Veterans Affairs v. Boresi*, 396 S.W.3d 356, 359 (Mo. banc 2013). When a statutory right is at issue, the court must analyze the statute under which the relator claims the right. *Jones v. Carnahan*, 965 S.W.2d 209, 213 (Mo. App. 1998). Additionally, mandamus is inappropriate if the relator has an alternative adequate remedy. *State ex rel. J.C. Nichols Co. v. Boley*, 853 S.W.2d 923, 924 (Mo. banc 1993).

## III. Mr. Mammen is Not Entitled to Immediate Release

The issue in this case is essentially identical to the issue presented in *State ex rel. Hodges v. Asel*, __ S.W.3d __ (Mo. banc 2015) (No. SC94886), handed down on this same date. As in *Hodges*, Mr. Mammen argues that section 217.362.3 requires his immediate release on probation based upon his successful completion of the treatment program. For the same reasons discussed in *Hodges*, Mr. Mammen has not established a clear, unequivocal, specific right to immediate release on probation.

 In addition to the arguments raised and rejected in *Hodges*, Mr. Mammen also asserts that he is entitled to relief because section 217.362.2 provides that, "[n]otwithstanding any other provision of law to the contrary, except as provided for in section 558.019, if an offender is eligible and there is adequate space, the court may sentence a person to the program which shall consist of institutional drug or alcohol treatment for a period of at least twelve and no more than twenty-four months, as well as

3

a term of incarceration." Contrary to Mr. Mammen's assertion, the phrase "notwithstanding any other provision of the law to the contrary" does not mean that section 577.023.6(4) does not apply to this case. Instead, the phrase simply makes it clear that a court can sentence an offender to a treatment program except as provided for in section 558.019 if there is adequate space in the program to accommodate the offender.

The petition for writ of mandamus is denied.

_____
Richard B. Teitelman, Judge

All concur.

4